L. TEMPLE, President Board of Supervisors, vs. A. SUMNER.

HAWKERS AND PEDDLERS: *Sec.* 1735, *et seq., Code of* 1871.

The license tax imposed by this and the following sections is a personal privilege, conferring authority upon the individual actually selling the goods. It is the occupation that is taxed and not the goods, and it is incumbent upon him who engages in the business, whether he be agent or owner to take out the license. The statute contemplates in its policy both the raising of a revenue and protection to resident traders.

ERROR to the Circuit Court of *Lee* County.
Hon. B. B. BOONE, Judge.

---

---

The facts in this case are fully set out in the opinion of the court.

The following is assigned for error:

1. The court erred in refusing to admit the evidence offered by plaintiffs on the trial of said cause.

2. The court erred in overruling plaintiffs motion for a new trial.

*Medford & Mabry*, for plaintiff in error.

*Clayton & Clayton* and *J. A. Brown*, for defendant in error.

SIMRALL, J., delivered the opinion of the court.

Suit was begun by attachment by L. Temple, president of board of supervisors, against A. Sumner, a nonresident, to recover the penalty imposed by statute for trading from house to house and from place to place to vend goods, wares and merchandise, without having a license so to do.

On the trial of the cause, a bond, executed by Leatherwood and others, sureties, was offered in evidence and rejected by the court; this paper recited that Leatherwood had been appointed agent by Sumner, to sell sewing machines   *   *   *   in the counties of Lee and Pontotoc, and conditioned to account for the money, etc. The plaintiff then proposed to prove by Leather-wood, that he did go from house to house in Lee county and of-fer to sell, and did sell sewing machines, the property of Sumner, and also, that in so doing he acted as the agent and in the name of Sumner, and that no license so to do was obtained; also, that Sumner ratified and received the benefit of these acts. The ad-mission of which testimony was objected to by the defendant, and the objection sustained. The verdict and judgment was for the defendant. The ruling of the circuit court, in excluding the testimony and overruling the motion for a new trial, are assigned for error.

The theory of the case, propounded by the plaintiff, is that Sumner, the owner of the goods (and who was resident at St. Louis), was under a duty to take out a hawker and peddler's

license, although the goods were carried about and offered for sale, and sold by Leatherwood, his agent, and not having procured a license, he, Sumner, has incurred the penalty of the statute. The plaintiff assumes that Sumner was the hawker and peddler, a business which he could carry on by Leatherwood, his agent, and, therefore, if he sold his goods in the county by his agent, without license, then he has incurred the penalty. Is that a correct construction of the statute? No person shall exercise the calling of a hawker or peddler without license from the board of supervisors of the county, which shall only continue in force one year. Code, § 1735. If any person having obtained such license, shall lend, hire or transfer the same to another, for the purpose of using the same, each shall be liable to a penalty. Code, § 1739. The clerk of the court shall enroll all licenses issued by him. § 1738. Every hawker or peddler must give in on oath a statement of amount of sales. § 1741. The unmistakable construction of these sections of the code, considered with the contest is, that he is a hawker or peddler, who, in his own person, goes from house to house with his goods and offers them for sale. The tax on the business or the license is payable by him who proposes to engage in the business. If the "peddler" acts as agent for another who owns the goods, the law means that "he" shall obtain the license. It is the business or the occupation that is taxed, and not the goods. The terms are clearly pointed out for obtaining a right to prosecute the business. It is a matter of no concern to the board of supervisors who owns the goods proposed to be hawked about, or what are the relations and connections between the persons who propose to sell, and any other person who may be owner; whether, therefore, the goods are sold by an agent for a salary or a commission, or whether he is owner, is immaterial. The statute is, that no person can engage in the calling at all without a license to him, which he can neither "lend, hire or transfer." He must buy the personal privilege, which he cannot communicate or assign to another.

The statute has a twofold purpose, one is revenue, the other is

to protect the resident merchant and trade. If the construction contended for by the plaintiff should be adopted, the door would be opened wide to defeat the policy of the law. Mr. Sumner need only take out license for himself, and under it, put a half dozen canvassers in the field to operate under it in the sale of his wares.

Leatherwood is the person who ought to have taken out the license, and who incurred the penalty denounced in sec. 1739 of the code, and not Sumner. The excluded testimony would not have established a liability or forfeiture by Sumner.

We think the judgment is right. Wherefore, it is affirmed.