## STATE v. JOHN RHYNE.

*Indictment for Peddling Without License—Peddlers—Selling Articles of One's Own Manufacture—Selling by Agent.*

The permission given in Section 23, Ch. 116, Acts of 1895, to sell articles of one's own manufacture without taking out peddler's license is personal to the manufacturer and does not extend to an agent employed by the manufacturer to sell his goods.

INDICTMENT for peddling without license, tried before *Brown, J.,* and a jury at Fall Term, 1896, of LINCOLN Superior Court. The defendant was convicted and appealed. The facts are stated in the opinion of Associate Justice MONTGOMERY.

*Attorney General,* for the State.
*Messrs. Jones & Tillett,* for defendant (appellant).

MONTGOMERY, J.: The defendant was indicted for peddling harrows and cultivators without the license required by law, the wares being not of his own manufacture. The special verdict set out that the defendant had carried a wagon with him, exhibiting and delivering the wares which were manufactured by the American Harrow Company, of Detroit, Mich.; that he sold, and at once at the time of sale, delivered one of the harrows, taking the note of the purchaser to the company; that the defendant was employed by the company to sell the harrows, and was paid fifty dollars per month and nothing more for his services; that the harrows were shipped by the car load from Detroit, where they were manufactured, to Gastonia, N. C., consigned to G. W. Irwin, foreman of the company in

North Carolina ; that eight other persons were engaged in the same business and in the same manner as was the defendant, and that neither the defendant nor the company has ever been licensed to peddle.

The court was of the opinion that the defendant was guilty, and the jury so rendered their verdict. There was judgment, from which the defendant appealed. We are of the opinion that upon the special verdict his Honor made the proper decision and judgment. Section 23 of the Revenue Act, (Ch. 116, Laws of 1895), provides that " Every person authorized to do business in this State who as principal or agent peddles drugs, nostrums, medicines, or goods, wares or merchandise of whatever name or description, shall pay a license tax as follows........Every person mentioned in this section shall apply in advance to the Board of County Commissioners of the county in which he proposes to sell for a license, and the Board of County Commissioners may issue the license upon the payment of the tax to the sheriff, which shall expire at the end of twelve months from its date ; *Provided,* it shall be discretionary with the Board of County Commissioners whether they issue license or not........Any person may sell under this section, without payment of tax as peddlers, salt, vegetables, chestnuts, peanuts, fruits or other products of the farm or dairy, oysters, fish, books, printed music, *or articles of his own manufacture.*"

The question before the Court is, what is the legal meaning of the words in the above quoted section : "Articles of his own manufacture." We have no hesitancy in declaring that the words mean things made by the person who *actually* does the peddling—not things made by the *principal* and sold by his *agent.* The definition of the word "own " in the Century Dictionary is, " Belonging to one's self; peculiar; particular; individual; following the .

possessive (usually a possessive pronoun) as an intensive to express ownership, interest, or individual peculiarity with emphasis, or to indicate the exclusion of others; as my own house, his own idea." So, when the law allows a person to sell articles of his own manufacture, it must refer to ownership in a sense peculiar and intensive as to the owner. Moreover the peddling of goods falls under the police regulation of the State as well as being a means of revenue. *Morrell* v. *State*, 38 Wis., 28. To peddle is not a matter of right under our laws, which any person can demand upon the payment of the tax. It is a privilege. It is discretionary with the county commissioners whether or not they will grant a license to a peddler. The privilege is personal to the applicant, and is not assignable. He is on the footing of an applicant for the sale of liquor by retail. The public convenience to some extent and the character of the applicant can be considered by the commissioners. Mr. Cooly, in his work on Taxation, takes this view of the matter, and in the first volume at page 579, he says: " Peddlers and transient dealers are commonly taxed a specific sum because they are likely to escape any other. A peddler's tax is on the occupation, not on the goods, and one who engages in the business, whether as agent or owner, must pay it." 51 Miss., 13. If it be said that under this view corporations cannot peddle, because they cannot show character and fitness before the commissioners, the answer may be, neither can a corporation be licensed to sell liquor by retail. It will be observed in this connection that in Section 23 of Chapter 116, of the Laws of 1895, peddling is not referred to in connection with corporations; the word " person " is invariably used.

No Error.