## MITCHELL v. ÆTNA INSURANCE COMPANY.

[71 South. 382.]

INSURANCE. *Inventory. Conduct of agent. Estoppel.*

Where a merchant at the request of the agent of an insurance company furnished him an inventory of his stock of goods and merchandise in his store before a policy was issued and this inventory contained the different articles of merchandise carried by the merchant in his store, and the gross value of each article, but did not specify numbers, quantities, or prices and the agent said it was all right and issued him a policy on the same, it was too late, after the company had issued the policy, received the premium and plaintiff's property was burned for the defendant company to say that the inventory in question was insufficient. It was estopped by its own conduct.

Appeal from the circuit court of Winston county.
Hon. C. L. Dobbs, Judge.

Suit by J. T. Mitchell against the Ætna Insurance Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Brown, Chambers & Cooper* for appellant.

*McLaurin & Armistead,* for appellee.

Potter, J., delivered the opinion of the court.

The appellant in this case, J. T. Mitchell, was plaintiff in the court below, and the Ætna Insurance Company was defendant.

This was a suit on a policy of insurance dated June 14, 1912; said policy being for one thousand seven hundred dollars. This policy was issued through defendant's agent, insuring plaintiff's stock of goods against loss by fire. At the request of appellee's agent, the appellant furnished him an inventory of his stock of goods and merchandise in his store in the town of Union, before the policy was issued. This inventory contained the different articles of merchandise carried by the appellant in his store, and the gross value of each article, but did not specify numbers, quantities, or prices. For example, the inventory read:

     Stock food ...............$ 50.00
     Poultry food .............. 6.25
     Patent medicines ................. 150.00, etc.

The defendant insurance company set out in the notice of affirmative matter under its plea of the general issue that the inventory above mentioned did not satisfy the following covenant and warranty contained in said policy:

"The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of issuance of

this policy or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned."

The above-mentioned inventory was prepared by the plaintiff for the defendant insurance company at the request of its agent, a Mr. Cole. The plaintiff testified that when the inventory was completed he carried it to Mr. Cole, and when he presented it to him that Mr. Cole said it was "all right." The insurance company contended in the court below that this was not a waiver on the part of the insurance company of the provisions of the policy requiring a complete itemized inventory of all of plaintiff's stock of goods, but that it was furnished its agent only as a basis of writing the policy of insurance in conformity with the three-fourths value clause contained in all standard policies. The court below accepted the defendant company's view of this question, and gave a peremptory instruction in its favor.

We think this was error. The plaintiff was requested to furnish an inventory of his stock of goods. He made out the inventory as requested, and presented same to the defendant's agent. The policy of insurance was issued upon this inventory, and the agent informed the defendant that it was "all right." The agent knew that the plaintiff was furnishing him with a list of merchandise in his store upon which he desired to obtain insurance; and the agent knew that the plaintiff was undertaking to furnish him with an inventory thereof. When the policy was issued, the agent said nothing to plaintiff about the insufficiency of the inventory. It is too late now, after the company has issued the policy, received the premium, and plaintiff's property has been burned, upon which the insurance was carried, for the defendant company to say that the inventory in question is insufficient. It is estopped by its own conduct.

The judgment of the circuit court is therefore reversed and remanded.

*Reversed and remanded.*