### New York Life Ins. Co. *v.* Montgomery.

[76 South. 257.]

Insurance. *Fraud. Question for jury.*

In a suit upon a life insurance policy, the question of fraud by the insured in making his application for insurance, was properly submitted to the jury, where there was a conflict in the testimony as to whether or not deceased knew of his malady at the time he applied for the insurance.

Appeal from the circuit court of Warren county.

Hon. E. L. Brien, Judge.

Suit by Mrs. Lucy L. Montgomery against the New York Life Insurance company. From a judgment for plaintiff, defendant appeals.

Appellee brought an action in *assumpsit* against the appellant, based upon two policies of insurance upon the life of her deceased husband, David Montgomery. The policies, which were identical and each for the sum of one thousand dollars, were applied for August 11, 1915, and delivered September 9, 1915, and on October 24th following the delivery of the policies the insured died of *angima pectoris,* a form of heart disease, and it is in evidence that he had been treated by a physician for this malady April 7, 1915. A short while after the death of the deceased, the company notified his widow that it had

canceled the contracts of insurance upon the ground that the deceased had procured the same by fraud, inasmuch as he withheld this information from the company when applying for insurance, in response to questions in the application touching his physical condition. The insured was examined by the company's physician who pronounced him a good risk; the only defect discovered being partial deafness. The appellant tendered to the widow the premium paid, which was declined, and suit brought for the face of the policies and interest. There was a dispute in the evidence as to whether the deceased knew of his malady at the time he applied for insurance. He went about his work, and there was evidence tending to show he had never been advised by the physician as to the nature of his ailment at the time he was treated in April, or at any time prior to the delivery of the policies. There was sharp conflict on this point, and the case went to the jury under instructions of the court, and a verdict was returned in favor of the appellee for the amount sued for.

Under the plea of the general issue, the defendant filed the following notice:

"You will take notice that on the trial of the above-styled case the defendant will offer evidence to prove that, although the insured in both of the policies of insurance sued upon made in his application for each of the said policies the statement that he had never suffered from any ailment or disease of the heart, yet in truth and in fact the said insured was at the time of his executing and signing the application to the defendant for the said policies, and each of them, suffering from and under treatment for a certain serious form of heart disease, being the same disease of which the insured afterwards died, all of which the said insured at said time well knew and fraudulently concealed from this defendant.

"The plaintiff in the above-styled cause will take notice that on the trial thereof the defendant will introduce

evidence tending to prove, and proving, that at the time
the said David Montgomery applied to the defendant for
the policies of insurance upon which suit is brought here-
in, the said David Montgomery did then and there in his
medical examination by Dr. H. H. Haralson, the defend-
ant's medical examiner, knowingly, intentionally, falsely,
and fraudulently represent and warrant to the said de-
fendant that he had never theretofore suffered from any
ailment or disease of the heart; that whereas in truth and
in fact the said Montgomery, well knew at the time of
making of said application, and applications, for said
policies he was suffering with a certain dangerous disease
and ailment of the heart, to wit, *angina pectoris,* of which
said disease and ailment the said Montgomery soon there-
after died; that the said defendant in acting upon the
said written applications for insurance, believed the said
representations of the said David Montgomery therein
made that he had never suffered from any disease or ail-
ment of the heart, and, believing that such representations
were full, complete, and true, was then induced to issue
and deliver the said policy contracts, and that, within a
reasonable time after it discovered the said false and
fraudulent concealments and misrepresentations, it elect-
ed to rescind the said policies, notified the plaintiff there-
of, and made a tender before the filing of this suit to the
plaintiff of the amount of all premiums paid on said poli-
cies and interest which the plaintiff declined to accept.''

At the request of the plaintiff below the court gave the
jury the following instructions:

''(1) The court instructs the jury that, unless the jury
should believe by a preponderance of all the evidence in
the case that David Montgomery, the deceased, sought
to practice a fraud upon the defendant in obtaining the
policy sued on by fraudulently concealing his ill health
from heart disease, if any, when he made application
for the policies sued on, or when he received the policy, it
is the sworn duty of the jury to find a verdict for the

plaintiff for the amount sued for with six per cent. interest from a reasonable time after November 5, 1915, for the defendant company to receive the proofs of death.''

''(2) The court instructs the jury that the burden of proof in this case is upon the defendant insurance company to prove by a preponderance of the evidence that David Montgomery, the deceased, practiced a fraud upon the defendant insurance company in obtaining the policy sued on by fraudulently concealing his ill health from heart disease, if any, when he received the policy, and if their minds are equally balanced from all the evidence in the case on this issue it is the sworn duty of the jury to find a verdict for the plaintiff.''

The court gave the following instructions for the defendant:

''(1) The court instructs the jury for the defendant that if they believe from the evidence that the insured, David Montgomery, knew that he had heart disease, or that he was advised by the witness Eustis that he was so afflicted, and that he failed to disclose the fact in his application for insurance to the medical examiner, they will find for the defendant.''

The court refused instruction No. 4 requested by defendant which is as follows:

''(4) The court instructs the jury for defendant that the burden of proof is on the plaintiff, and that she must establish her right to recover the amount sued for in this cause by a preponderance of all the evidence given in charge to the jury, and if the plaintiff has failed to show her right to recovery by clear preponderance of all the testimony, they will find for the defendant.''

*A. H. Longino,* for appellant.

*McLaurin & Arminstead,* for appellee.

HOLDEN, J. delivered the opinion of the court.

This case comes within the rules of law announced in *Fidelity Mutual Life Insurance Co.* v. *Elmore,* 111 Miss. 137, 71 So· 305; *Yazoo, etc., R. Co.* v. *Grant,* 86 Miss. 565, 38 So. 502, 109 Am. St. Rep. 723, 4 Ann. Cas. 556; *Liverpool, etc., Ins. Co.* v. *Farnsworth Lumber Co.,* 72 Miss. 555, 17 So. 445; *Massachusetts Mut. Life Ins. Co.* v. *Crenshaw,* 186 Ala. 460, 65 So. 65; *Mitchell* v. *Ætna Insurance Co.,* 111 Miss. 253, 71 So. 382.

The question of fraud on the part of the insured was properly submitted to the jury under the conflicting evidence, and we find no reversible error in the record.

*Affirmed.*