NATIONAL FIRE INSURANCE COMPANY *v.* PATRIDGE.

(Division A. March 7, 1932.)

[139 So. 876. No. 29755.]

..**Butler & Snow**, of Jackson, for appellant.

F. E. Leach, of Carthage, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, W. C. Patridge, instituted this suit in the circuit court of Leake county against the National Fire Insurance Company on an insurance policy covering five hundred dollars on a store building and one thousand five hundred dollars on a stock of merchandise which had been destroyed by fire. At the conclusion of 'the evidence the court peremptorily instructed the jury to return a verdict for the appellee, and from a judgment for two thousand dollars entered in pursuance of this instruction, this appeal was prosecuted.

To the declaration the defendant, appellant here, filed a plea of the general issue and gave notice thereunder that evidence would be offered to show a breach of what is known as the "iron-safe warranty" contained in the policy contract. The iron-safe warranty contained in the policy sued on is as follows:

"1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within

twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned.

"2. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory, as provided for in first section of this clause, and during the continuance of this policy.

"3d. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fire-proof safe at night, and at all times when the building mentioned in this policy is not actually open for business; or, failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building. "In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon."

The material facts, as they appear from the testimony of the appellee, are substantially as follows: The appellee purchased a stock of general merchandise from A. S. Johnson, who was operating a mercantile establishment some miles distant from the appellee's home and store building. At the time of this purchase Johnson's employees, assisted by the appellee, made an itemized inventory or list of all the merchandise so purchased, except a large lot of shoes. To the total of the purchase price of the itemized goods, and under the figure in the hundreds column, there was added the figure 5. The appellee testified that this figure 5 was intended to represent five hundred dollars, the value and purchase price of all the shoes in the stock of merchandise, and

that the total shown on this inventory was arrived at by adding this five hundred dollars. There is probably evidence sufficient to show that the goods and merchandise shown on this inventory were moved from the store occupied by the said Johnson to the appellee's store building, which was burned.

As a compliance with the requirement to "keep a set of books," the appellee offered a small ledger in which was entered, as the first item thereof, the total amount shown on the Johnson inventory, including the alleged value of the lot of shoes. Under this were entered his subsequent purchases giving the date of the purchase, the name of the firm or person from whom the purchase was made, and the total amount of the invoice. This book also contained entries of the totals of his weekly cash and credit sales; and the appellee testified that at the close of each day's business he added up his cash sales and entered the amount on a slip of paper, and at the end of each week he added the amounts shown on these slips and entered the weekly total in his ledger. These slips of paper on which he entered the amount of his daily sales were kept on a book in the store and were burned, as were the invoices of his purchases.

In the case of Lewis v. National Fire Insurance Underwriters, 136 Miss. 576, 101 So. 296, it was held that a list of goods in lots, without an itemized list of the goods in the lots, was not an "itemized inventory" of the stock within the meaning of the standard "iron-safe warranty" of the policy of insurance, and under this holding the mere entry of the figure 5 on the purported inventory, which, according to the appellee's testimony, represented five hundred dollars, the value of the lot of shoes purchased by him, does not constitute such an itemized inventory as would entitle the appellee to recover for the value of these shoes.

In the case of Penix v. American Central Insurance Co., 106 Miss. 145, 63 So. 346, it was held that "under

the requirement to 'keep a set of books' it is not necessary for assured to post his ledger each day, but he has the right to post only the gross amount of the cash sales for the interval between the dates of posting; but if he desires to pursue this plan, he must preserve the books containing the items which were posted to the ledger in gross.''

The appellee had a cash register, and he testified that at the end of each day's business he checked up his cash sales and put the amount down on a piece of paper, and at the end of each week the amounts shown on these slips of paper were added and the total posted in his ledger. These slips were hanging on a file in the building at the time of the fire and were destroyed. Under the rule announced in the Penix Case, supra, it was permissible to post only the gross amount of the cash sales for the interval between the dates of posting, provided the books or papers containing the items which were posted to the ledger in gross were preserved; but the appellee's failure to preserve these papers or slips containing the items which were posted to the ledger weekly violated the ''iron-safe warranty'' and defeated his right to recover for the loss of the goods and merchandise. Under this view it will be unnecessary to consider whether or not the entry in the ledger of the totals only of the several purchases made subsequently to the date of the purported inventory, without the preservation of the invoices or other evidence of the items purchased, complied with the requirement to ''keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory.''

The policy contract is divisible, and it is conceded that the plaintiff is entitled to recover five hundred dollars, the amount of insurance covering on the building, but on account of the violation of the ''iron-safe warranty''

he is not entitled to recover for the loss of the merchandise. The judgment of the court below will therefore be reversed, and a judgment will be entered here for the appellee for the sum of five hundred dollars.

Reversed, and judgment for appellee.