ELLZEY, TAX COLLECTOR, v. SMITH.

(Division B. Jan. 26, 1931.)

[132 So. 92. No. 29239.]

**Butler & Snow,** of Jackson, for appellant.

R. H. & J. H. Thompson and G. G. Lyell, all of Jackson, for appellee.

Argued orally by **George Butler**, for appellant, and by **G. G. Lyell** and **R. H. Thompson, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Section 205, chapter 88, Laws 1930, the said chapter being the revised privilege tax laws of the state, reads as follows:

"Sec. 205. Transient Vendors of Merchandise.—Upon each person (whether principal or agent) going from person to person and/or from dealer to dealer and selling, at retail and/or at wholesale, any goods, wares and/or merchandise usually carried for sale in a general merchandise store and making delivery thereof at the time of the sale thereof, as follows:

(1) On foot ................................$15.00
(2) With push cart or bicycle ................. 25.00
(3) With pack animal ....................... 40.00
(4) With vehicle and draft animal or animals or with motor vehicle or with motorcycle, or with watercraft ..............................100.00

"Provided the provisions of this section shall not apply to a person selling dairy, poultry, and/or farm products raised, produced or grown by himself and/or products manufactured, preserved, bottled and/or canned by himself.

"The taxes levied by this section are for "State License.' A state-wide license may be procured by paying three times the license levied herein."

Section 1, of said chapter, provides that the word "person," when used in the chapter, shall be taken to include a corporation, "unless the intention to give a more limited meaning is disclosed by the context."

The agreed statement of facts discloses that the R. J. Reynolds Tobacco Company is a corporation and is the manufacturer of tobacco products, and that appellee, Smith, is an employee or agent of said tobacco company, serving solely on a salary; that, with the motor vehicle and other appliances owned and maintained by the said company, appellee is engaged as employee or agent in making deliveries and sales in the manner mentioned in the said statute, but direct from the manufacturer to the purchaser; and that appellee carries no other goods than those of his principal, and only the tobacco products manufactured by his said principal.

It is plain that the section does not include dairy, or poultry, or farm products raised, produced, or grown by the person thus offering them for sale and selling them. It is plain also that it does not include dairy or poultry or farm products manufactured by the person himself. It is fairly plain too, as we think, that the words "person" and "himself" include corporations, else we would have the inadmissible proposal that those, for instance, of our dairies which are owned by individuals could transact their business of sales and delivery free of the tax, while a dairy no larger and in no material respects different in situation, but owned and operated by a corporation, could not. And, of course, it is plain that tobacco is a farm product, that fact being one of which we take judicial notice. These views would seem sufficient, then, to dispose of the question, and to produce the conclusion that appellee is not liable for the tax demanded of him.

Affirmed.