WHITE, STATE AUDITOR, *v.* LOWRY, INSURANCE COM'R, *et al.*

(Division B. Feb. 29, 1932. Suggestion of Error Overruled April 11, 1932.)

[139 So. 874. No. 29863.]

Lotterhos & Travis, of Jackson, for appellant.

E. C. Sharp, Creekmore & Creekmore, Chalmers Potter and Wells, Jones, Wells & Lipscomb, all of Jackson, for appellees.

756

Argued orally by **Fred Lotterhos** and **Cecil Travis**, for appellant, and by **H. H. Creekmore**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Under the laws of this state, the insurance commissioner is the fire marshal, and a so-called tax of one-fifth of one per cent on the gross premium receipts of fire insurance companies is required to be paid over to the insurance commissioner to cover the expenses of investigations of fires. The commissioner is authorized to employ a deputy for this purpose and to compensate the deputy out of the said fund.

Our statutes (Code 1930, sections 2905, 2906) also provide that it shall be unlawful for any state officer to appoint and pay out of the public funds any person as deputy who is related to the officer within the third de-

gree, and that, if any officer shall violate this provision, he shall be liable on his official bond for all amounts paid to said relative. The insurance commissioner for a period of approximately three years had appointed or employed his brother as deputy fire marshal and had paid to his said brother out of said fund an aggregate of fourteen thousand two hundred three dollars and thirty cents.

Also under our statutes the state auditor is made the chief inspector of all the accounts and books relating to the collection, expenditure, and settlement of public funds of and for all the public officers and institutions of the state and its subdivisions in so far as same are supported in whole or in part by the state or any of its subdivisions, and the auditor is authorized to demand and collect any amount found due by any officer or employee, when upon an investigation by the auditor he finds any sum due. The auditor made an investigation of the books and accounts of the insurance commissioner and having discovered that the insurance commissioner had employed his brother and had paid him as aforesaid, the auditor demanded that the commissioner refund the entire amount so paid, and, the demand being refused, the auditor brought suit to recover the said sum.

The insurance commissioner has raised a preliminary question, one that is decisive, so far as this particular suit is concerned. The insurance commissioner challenges the power of the auditor to bring and maintain a suit such as is presented in this case. The authority of the auditor to institute and prosecute a suit such as this is to be found, if found at all, in section 3753, Code 1930. The general provisions of this section confer upon the auditor wide and comprehensive powers in respect to suits for any and all amounts found by him to be due by officers and employees, and give him broad authority to employ attorneys to prosecute said suits. In the same section, however, and following the said general enact-

ment, there is included a special enactment in these words: "Instead of employing attorneys to assist him to recover any amounts due as aforesaid or for any illegal allowances or expenditures or amounts due as aforesaid, . . . the said chief inspector in the event such examination discloses misfeasance, malfeasance, or nonfeasance on the part of any such public officer or employee or other person, shall deliver a certified copy of said report to the district attorney or the attorney-general for such action as may be proper in the premises. . . ."

It is at once to be seen that there is a particular enactment in respect to cases which disclose misfeasance, malfeasance, or nonfeasance. There is therefore involved the application of that well-settled principle in the construction of statutes that, where a statute contains both a particular and a general enactment, and the general enactment in its most comprehensive sense would include what is embraced in the particular one, the latter must be given effect as to all cases which fall within the particular provision, and the general enactment must be taken to embrace only such cases within its general language as are not within the provisions of the particular enactment. 25 R. C. L., p. 1010, and authorities under note 5; 36 Cyc., p. 1130, and authorities under note 69; 2 Lewis' Suth. Stat. Const., p. 744; Black on Interpretation of Laws, p. 201. Applying this principle, as we must apply it, if the case, in its substantial aspects, involves misfeasance, malfeasance, or nonfeasance, then the particular provision above quoted takes the suit into the province of the attorney-general or district attorney and away from the auditor.

Malfeasance, on the part of an officer, is the doing of that which he has no authority of law to do and which therefore is positively wrongful or unlawful; misfeasance is the doing in a wrongful manner of that which the law authorizes or requires him to do; while nonfeasance is

the substantial failure to perform a required legal duty. The law authorized and required the insurance commissioner to appoint and to pay a deputy fire marshal. Therefore he was guilty of no malfeasance in making the appointment, and, since he actually made the appointment, there was no nonfeasance. It follows that, if the appointment was of a disqualified person, as contended by appellant, the act was one of misfeasance, and hence the quoted particular provision of the statute applies, which requires the matter of a suit involving misfeasance by a state officer to be referred to and brought by the attorney-general; that is to say, when the gist of the suit, the main and controlling feature involves a question of misfeasance, as distinguished from the mere matter of the items of a complicated accounting, the authority to bring such a suit against a state officer, upon the report of the examination by the auditor, is in the attorney-general and not in the auditor.

It may be argued that most of the cases, wherein the auditor finds an amount or amounts due to be paid over, will involve malfeasance, misfeasance, or nonfeasance in some form, and that to give the statute the construction which we have above indicated will strip the auditor of authority to bring suits in a majority of the cases investigated by him. Whether this will be true, we do not know; nor do we say that the particular provision in this statute is to have a strict interpretation. But, as to the present suit, it is apparent that the gist thereof is not a matter of accounting. On the contrary, there is involved, as the basis or chief item of the suit, an important legal question; and it is more in harmony with our governmental system that the attorney-general, who is the responsible head of the legal department of the state, shall have initial jurisdiction over those important legal questions which affect the general interests or policy of the state; whereas the auditor is the responsible head of the accounting department of the state, and it is con-

sistent, where only questions of fact upon accounts and the settlement thereof are in issue, or where the legal questions involved are only incidental or relatively of minor importance, that the auditor shall handle such cases on his own responsibility without the necessity of reference to the attorney-general.

It follows that we concur in the opinion of the learned chancellor that the auditor was without authority to institute this suit, and the decree dismissing the same must be affirmed.

Affirmed.