PRICE, STATE AUDITOR, *v.* GILLIS *et al.*

(Division A. Nov. 20, 1933.)

[151 So. 157. No. 30826.]

Lotterhos & Travis, of Jackson, for appellant.

**F. M. Morris,** of Hattiesburg, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment dismissing an action at law in which the appellant is the plaintiff. The declaration was filed by the appellant's predecessor in office, and the defendants thereto are Herbert Gillis, formerly clerk of the chancery court of Forrest county, and the Fidelity & Deposit Company of Maryland, the surety on his official bond. It alleges, in substance, that the plaintiff, pursuant to section 3 of chapter 325, Laws of 1924, now appearing as section 3749, Code 1930, formulated and installed in the office of the chancery clerk of Forrest county, which office was then held by Gillis, a uniform system for the keeping of his public accounts, and that it then became the duty of Gillis to use, employ, and conform to that system in recording all the official acts of his office. This Gillis willfully, negligently, and carelessly failed and refused, either himself, or to permit his employees, to do, because whereof it became necessary for the plaintiff, in discharging his duty of auditing the books which should have been kept by Gillis, to "post all official accounts of the said office of the said Herbert Gillis as chancery clerk for the period of time from June

1, 1927, until the first Monday of January, 1928, in the said uniform system installed for said office as aforesaid;'' the expense of so doing to the plaintiff being four hundred eighty-seven dollars and fourteen cents. The prayer of the declaration is for a recovery of the money so expended, together with interest, damages, and the attorney's fees allowed by the statute.

The appellees filed a plea in bar to this declaration, and thereafter filed a motion to dismiss the action on the ground that neither the appellant nor his predecessor in office had the right to bring it. This motion was sustained, and the cause was dismissed.

Two questions are presented for decision; First, Did the appellees waive their right to question the appellant's authority to bring the suit by pleading to the merits thereof; and, second, Has the auditor of public accounts the right to bring an action of this character?

We will pretermit the first of these questions and come at once to the second.

The appellees' contention is that under section 3753, Code 1930, the sole power to bring suits of this character is vested in either a district attorney or the attorney general.

Section 3748, Code 1930, is, in part, as follows: ''The cost of any examination, service or act by the chief inspector or any of his assistants made necessary, or such part thereof as was made necessary by the wilful fault of any officer of the state or of the county or levee board, including the members of the boards of supervisors and all employees of the state, of the county and of the public institutions of the state, shall be recovered by the said chief inspector from such person in any court having jurisdiction thereof, and in addition thereto, the said chief inspector shall recover interest and damages in the sum of ten per cent., which said ten per cent. shall be allowed to the attorney, if any, that the said chief inspector may employ, and no part of the said ten per cent. shall be retained by the said chief inspector, but no suits shall

be filed or attorney employed by said chief inspector until written notice to such officer or employee shall be given for thirty days to pay the said costs, as hereinafter provided.''

This section expressly vests authority in the auditor of public accounts, who, under section 3747, Code 1930, is made the chief inspector and supervisor of public offices and institutions, to bring and maintain actions of this character.

But the appellees say that section must be taken in connection with the following provision of section 3753, Code 1930: ''Instead of employing attorneys to assist him to recover any amounts due as aforesaid or for any illegal allowances or expenditures or amounts due as aforesaid, after the expiration of thirty days from the date of the demand for payment thereof, as aforesaid, the said chief inspector in the event such examination discloses misfeasance, malfeasance, or nonfeasance on the part of any such public officer or employee or other person, shall deliver a certified copy of said report to the district attorney or the attorney-general for such action as may be proper in the premises.''

The failure of a public officer to keep his accounts in the manner required by the law is, of course, either a misfeasance, a malfeasance, or a nonfeasance; and therefore, according to the appellees, section 3753, Code 1930, modifies, or rather nullifies, the quoted provision of section 3748, and vests the sole authority to bring an action thereunder against a recalcitrant officer in a district attorney or the attorney-general.

The two statutes deal with different things; the first with the failure of an officer to keep his accounts in the manner required by law, and the second with public acts that appear, or that should appear, by an audit of the books of a public official, disclosing money due, from any cause, to the public body for which the books were kept. The right to bring an action under the first statute is for a specific default, and under the second for various de-

falcations of different characters. Consequently, the general language in the second cannot be held to modify, or, as here contended, destroy the authority given in the first.

But the appellees say that the words, "as hereinafter provided," appearing at the close of the excerpt from section 3748, Code 1930, hereinabove set out, indicates that the Legislature intended that the power there given to the auditor to sue should be qualified, as thereinafter provided, i. e., by section 3753, Code 1930.

If this is true, the Legislature did a vain and useless thing by investing the auditor with the power to sue for specific defalcations therein deal with. The words, "as hereinafter provided," manifestly refer, not to the power granted the auditor to institute a suit, as therein authorized, but to the written notice which the auditor must give to a recalcitrant officer before he employs an attorney and institutes the suit.

The case of White v. Lowry, 162 Miss. 751, 139 So. 874, is not in conflict herewith. The court was there dealing with a cause of action arising under section 3753, Code 1930, and simply held that the right given to the auditor to bring suits thereunder was qualified by the provision that suits thereunder arising, involving misfeasance, malfeasance, or nonfeasance, should be brought by a district attorney or the attorney-general.

Reversed and remanded.