GULLY, TAX COLLECTOR, *v.* ALEXANDER.

(Division B. Dec. 17, 1934.)

[158 So. 201. No. 31484.]

Creekmore & Creekmore, of Jackson, for appellant.

Lotterhos & Travis, of Jackson, and Leonard Katzen-meyer, of Vicksburg, for appellee.

Argued orally by **Wade H. Creekmore**, for appellant, and by **Cecil Travis**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Collins Bakery owns and operates a bakery in the city of Jackson, and has paid the privilege tax imposed by section 24, chapter 118, Laws 1934. The concluding sentence of that section provides that "the payment of the above tax shall entitle the licensee to the privilege of selling and distributing the products manufactured by him, either at his place of business or from trucks, in the county in which license is issued." Let it be noted that this privilege is to sell at wholesale or retail, to dealers and consumers—it is a privilege without restriction, so long as within the county in which the license is issued.

The bakery owns a truck and employs appellee as its servant to make deliveries of its bakery products in neighboring counties, but only to dealers for resale, not to consumers nor to any person other than to the regular dealers, which dealers have themselves paid the necessary privilege taxes on their business. Section 233 of the said chapter imposes a privilege tax "upon each transient vendor, or dealer, of bread, rolls, cakes, pies, and other bakery products;" but the same section expressly provides that this tax shall not be required of a transient vendor or dealer of bakery products "when

sold or distributed from a bakery which has paid the privilege tax imposed by this act, to dealers for resale."

Construing all these provisions together and harmonizing them, we have the result that the bakery, when it has paid the privilege tax first above mentioned, has the right to sell its products in any manner and to any person or persons within the county wherein the bakery is located, and, in addition, has the privilege to send its servants into other counties so long as its servants sell and deliver only to dealers for resale, and no such servant is liable for the transient vendors' tax when his sales and deliveries are solely as last above stated. But when any such servant sells or delivers in another county any of the bakery products to consumers or to any other person than a dealer for resale, the servant becomes liable for the transient vendors' license tax in the county and in each county where such sale or deliveries are made, not including the home county of the bakery.

Affirmed.