GULLY, STATE TAX COLLECTOR, *v.* JOSEPH *et al.*

(Division B.   Dec. 5, 1938.)

[184 So. 818.   No. 33428.]

**Alexander & Satterfield** and **Cecil Heidelberg**, all of Jackson, for appellant.

Howie, Howie & McGowan, of Jackson, for appellee.

Argued orally by **James Alexander,** for appellant, and by **J. H. Howie,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellees, A. Joseph & Company, were, during the years 1932 to 1937, inclusive, and are now, engaged in the wholesale fruit and vegetable business, including other produce, with their sales and distributive store situated in Jackson. During the 1932-37 period, they sent out agents with trucks over several counties in the central part of this state loaded with their goods for sale. Such agents peddled their goods from place to place. Neither appellees, nor their agents, paid the $200 privilege tax for each county for engaging in such business, provided by Chapter 154 of the Laws of 1936, and the statutes which that act amends. The state tax collector filed the bill in this case to recover the aggregate of those taxes amounting to $22,800. Appellees demurred to the bill; the demurrer was sustained and the state tax collector declining to plead further, a final decree was entered dismissing the bill. From that decree, he appeals to this Court.

The pertinent part of the bill is in this language: "That the said defendants, Albert Joseph & Ellis Joseph have since January 1st, 1932 to the present time owned and operated in connection with their said businesses various and sundry trucks which are used for the hauling and delivery of all products sold or offered for sale by them.

"That the said defendants, Albert Joseph and Ellis Joseph, by and through their authorized agents acting by and with the consent and knowledge of the said defendants and under their specific directions, orders and instructions have from the year January 1st, 1932 to June 1st, 1937 extensively operated as transient vendors of fruits, vegetables and other produce in Hinds County, Mississippi and other counties hereafter set out. That in their operation as said transient vendors or dealers that the said Albert Joseph and Ellis Joseph operating as A. Joseph & Company at various and sundry times for

the period aforesaid, carried or transported fruits, vegeables and other produce in and about the County of Hinds and the other counties hereinafter to be shown and peddled and sold the same indiscriminately to such purchasers as they might find by solicitation, peddling or display, going from dealer to dealer, from place to place, and selling and offering to sell at wholesale and retail the goods, wares and merchandise stated above; that the said Ellis Joseph and Albert Joseph also maintained a regular place of business open at all times at regular business hours in the said City of Jackson and elsewhere than at such place of business, to-wit: In the counties hereinafter alleged did sell and offer for sale and, at the time of such sale and offer, deliver said goods, wares and merchandise in the manner aforesaid. That as such transient vendors or dealers of fruit, vegetables and other produce the said Ellis Joseph and Albert Joseph were subject to a privilege tax according to the laws of the State of Mississippi for each truck so used by them in each County and for each year within which each of said trucks were so used in their operations as transient vendors or dealers (peddlers)."

The privilege tax statutes involved are Chapter 118 of the Laws of 1934 (section 233), and Chapter 20, of the Laws of 1935, Ex. Sess., sec. 225, and Chapter 154 of the Laws of 1936, sec. 225, p. 143. The applicable parts of these statutes are the same in all three of them. They are contained in certain provisions of Section 225, Chapter 154, of the Laws of 1936, p. 143, which follow:

"Transient vendors or dealers (peddlers).

"Sec. 225. Upon each natural person doing business as a transient vendor, or dealer, as defined in this section, and upon which a privilege tax is not specifically imposed by another section of this act, a state tax for each county according to the following schedules:

. . . . . .

"(j)  Upon each transient vendor, or dealer of fruits, vegetables, and other produce................$200.00

. . . . . .

"(n)  . . .  Provided, that a transient vendor, or dealer traveling on foot, or with push cart, or bicycle, or with a pack animal, shall pay one-half of the amount set out in the above schedule.

"Provided, that in making application for the license required by this section, the applicant shall state whether or not he intends to exercise the privilege taxed in more than one county, and if so, he shall procure a license for each of such counties, and shall have upon his person, or in his possession, the license for each county before exercising the privilege therein.

"Provided, that the provisions of this section shall not apply to transient vendors, or their agents, or representatives, in the sale or delivery of gasoline, oil or similar petroleum products when drawn, conveyed and distributed from a stock maintained at a warehouse, oil depot, distribution station, or established place of business in this state, upon which has been paid all privilege taxes required, when the same is sold, conveyed, or distributed to another station owned, leased, contracted or commissioned by the owner of the said depot, warehouse, distribution station, or established place of business.

. . . . . .

"(o) Provided, however, that where any person subject to the payment of the tax imposed by this section makes use of more than one vehicle in carrying on such business, the tax herein imposed shall be paid for each vehicle used in carrying on such business."

The question is whether the liability for the privilege taxes is upon appellees or its peddlers, the truck drivers. We are of the opinion that under the authority of Temple v. Sumner, 51 Miss. 13, 24 Am. Rep. 615, the obligation was on the truck drivers. That decision is directly in point. So far as this question is concerned,

there appears to be no substantial difference between the statutes involved in that case and those involved in the present case. The Court held in that case that the license tax imposed was a personal privilege conferred alone on the individual actually peddling the goods, and who alone was liable for the tax; that it was the occupation taxed, not the goods. The opinion in that case concludes in this language: ''The statute has a twofold purpose, one is revenue, the other is to protect the resident merchant and trade. If the construction contended for by the plaintiff should be adopted, the door would be opened wide to defeat the policy of the law. Mr. Sumner need only take out license for himself, and under it, put a half dozen canvassers in the field to operate under it in the sale of his wares.''

We do not think Ellzey v. Smith, 159 Miss. 57, 132 So. 92; or Mathison v. Brister, 166 Miss. 67, 145 So. 358; or Gully v. Alexander, 171 Miss. 567, 158 So. 201 in point here.

Affirmed.