CRAIG, STATE TAX COLLECTOR, *v.* BROWN & WILLIAMSON TOBACCO CORPORATION.

(In Banc.   Feb. 24, 1941.)

[200 So. 446.   No. 34463.]

McClendon & Edmonds and Creekmore & Creekmore, all of Jackson, for appellant.

**Lyell & Lyell**, of Jackson, for appellee.

**Lotterhos & Travis**, of Jackson, amici curiae.

Argued orally by **Henry Edmonds** and **Rufus Creekmore** for appellant, **Garland Lyell** for appellee, and by **Fred Lotterhos** amicus curiae.

Smith, C. J., delivered the opinion of the court.

The appellant attempted but was not permitted by the court below to recover from the appellee a privilege tax imposed by Section 221, Chapter 120, Laws of 1940. That chapter provides that the term "person" shall include "any individual, firm, partnership, joint adventure, association, corporation, estate, trust or any other group or combination acting as a unit . . . unless the intention to give a more limited meaning is disclosed by the context." Section 1. Section 3 of the chapter imposes the privilege taxes thereafter specified. Section 221 imposes "Upon each person doing business as a transient vendor or dealer, as defined in this section, and upon which a privilege tax is not specifically imposed by another section of this act, a state-wide tax for each county according to the following schedules: . . . (o) Upon each transient vendor, or dealer of cigarettes, cigars or other tobaccos ................$50.00."

The appellant's declaration alleges that the appellee "at all times since the 1st day of June 1940 has been engaged in business in each of the eighty-two counties of the State of Mississippi and in each of the two hundred municipalities listed on 'Exhibit A,' and in each county in the Yazoo-Mississippi Delta Levee District, as a transient vendor or dealer of cigarettes, cigars and other tobac-

cos,'' without paying the privilege tax required therefor by Section 221, Chapter 120, Laws of 1940; and a similar tax imposed by the municipalities and the Yazoo-Mississippi Delta Levee District. A demurrer to this declaration was sustained, and on the appellant's declining to plead further, the cause was dismissed.

Section 221, Chapter 120, Laws of 1940, appeared in Chapter 154, Laws of 1936, as Section 225 thereof; and in Gully v. Joseph et al., 183 Miss. 662, 184 So. 818, 819, this Court held that it applied only to ''the individual actually peddling the goods,'' and not to the person by whom he was employed so to do. This appellee here, being a corporation, of course cannot itself actually peddle goods, so that it is not liable for the tax here imposed unless there is such a difference between Section 221, Chapter 120, Laws of 1940, and Section 225, Chapter 154, Laws of 1936, as to lift the former without the orbit of the case just cited. We have been unable to discover any such difference.

It is true that Section 225, Chapter 154, Laws of 1936, imposed the privilege tax ''upon each natural person doing business as a transient vendor, or dealer, as defined in this section,'' and Section 221, Chapter 120, Laws of 1940, imposes the tax ''upon each person doing business as a transient vendor, or dealer, as defined in this section.'' The elimination of the word ''natural'' before the word ''person'' in the second statute is of no consequence here, for the reason that the eight definitions of a transient vendor in both of the sections are the same, and restrict the term to persons who themselves actually peddle or sell and deliver goods, wares and merchandise. Whether the tax imposed by Section 3849, Code of 1906, on peddlers covered the person for whom the peddler was selling the goods peddled was not called to the attention of the Court or considered by it in Adams v. Standard Oil Company, 97 Miss. 879, 53 So. 692, consequently, that case is not a precedent here.

Affirmed.