CRAIG, STATE TAX COLLECTOR, *v.* WALKER *et al.*

(In Banc. June 9, 1941. Suggestion of Error Overruled September 22, 1941.)

[2 So. (2d) 806. No. 34686.]

Creekmore & Creekmore and McLendon & Edmonds, all of Jackson, for appellant.

428

R. H. & J. H. Thompson, of Jackson, for appellees.

Lotterhos & Travis, of Jackson, amicus curiae.

Argued orally by **Rufus Creekmore**, for appellant, and by **J. H. Thompson**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Section 221, Chap. 120, Laws 1940, imposed a state-wide privilege tax for each county of $50 upon each transient vendor, or dealer, of cigarettes, cigars and other tobaccos, and provided that the state tax commissioner ''shall issue transient vendor licenses in the name of the firm operating the business, and further show the name of the agent who operates the vehicle from which the merchandise is sold and delivered.'' The American Tobacco Company had among its agents, who were transient vendors for the company, the two complainants in this case.

The State Tax Commissioner construed the provision quoted above as imposing the tax upon the firm and issued the privilege licenses to the American Tobacco Company and named in each license the particular agent or transient vendor for whom the particular license was issued.

The licenses were so issued in respect to the agents who are the complainants herein.

After this Court decided in Craig v. Brown & Williamson Tobacco Corp., 190 Miss. 360, 200 So. 446, that the tax is one upon the transient vendor as an individual and not upon the firm or company employing him, the State Tax Collector sought to disregard the payments made by the companies for the agents, and instituted actions against the agents, both for the principal sums of the entire tax and for statutory penalties, and of the agents so sued, two of them, heretofore mentioned, filed this bill for an injunction, which on the hearing was sustained.

It is immaterial who pays a particular privilege tax so long as it is paid when due, as was done in this case; and, under the cited section, it is immaterial that the formal recitals of the privilege-tax license was that it was issued to the employer firm or company for the agent named therein, instead of being issued to the agent himself and naming therein the firm or company for whom he is thereby licensed to do the work. The purpose of the statute was that there should be a joint identification of the agent and his employer in the license, and this having been done, the State is not to be permitted to again collect the tax, with penalties, upon what at best is a technicality, unsupported by substantial merit.

But neither the company nor the agents paid any privilege taxes to the municipalities within the counties designated in the licenses, and the remaining question is whether the agents are liable for municipal privilege taxes. Beginning with the Privilege Tax Code of 1930, Laws 1930, ch. 88, and through every privilege tax revision since that time, privilege taxes have been classified either as state-wide privilege taxes or simply as privilege taxes; and throughout all this time there has been a provision such as contained in Section 264, Chap. 120, Laws 1940, "that no municipality shall levy any tax on any privilege which has been duly licensed for state-wide

purposes as herein provided.'' Thus there has become a fixed legislative policy to designate privilege taxes, in certain of each of the sections levying them, as state-wide, in which case municipalities are barred, and in the other sections, each of them, to designate the tax as simply a privilege tax upon the particular business dealt with in that section, in which cases, as the ordinary rule, munici-· palities may collect fifty per cent. of the specified state tax.

In all the privilege tax laws dealing with transient vendors or dealers enacted prior to Chapter 120, Laws 1940, the tax had been imposed upon the business dealt with simply as a privilege tax, and these laws had carried the provision that municipalities could also impose the tax, in its proper proportion, upon that business. But for the first time when that section was brought forward as Section 221, Chap. 120, Laws 1940, there was inserted in the opening sentence of the section the words that the tax thereby imposed was a state-wide tax. Nevertheless, the old provision that the municipalities could also collect was left in the section, and, as we have already mentioned and quoted, Section 264 at the concluding portion of the chapter, expressly negatived the authority of municipalities to levy a tax on state-wide privilege taxes.

With these contradictory and blundering provisions, the court has striven to arrive at some dependable conclusion as to what was the legislative intent. The taxpayers have urged that inasmuch as the legislature deliberately inserted the designation at the very opening of the section to the effect that the tax was thenceforth to be considered as a state-wide tax, it was a mere inadvertence that the provision in regard to municipalities was not stricken out, and that in any event since both cannot stand together, the last expression of the legislature which is embodied in Section 264 must prevail, citing among others, Coker v. Wilkinson, 142 Miss. 1, 16, 106 So. 886.

The tax collector contends that the provisions of Section 264 are general in their nature, while the concluding paragraph of Section 221, allowing municipalities also to collect the tax, is a particular enactment dealing with that particular section, and, therefore, must be taken as excepted from the general language of Section 264—citing, among others, Greaves v. Hinds County, 166 Miss. 89, 145 So. 900. But this does not adequately meet the difficulty, because in the same section, that is to say, Section 221, in which the particular language referred to is used, there appears at the very opening of the section the particular language that the tax thereby levied is a state-wide tax.

Other arguments and other rules of construction are pressed by each side. Rules of construction are valuable only as aids to the court in arriving at the legislative intent; but when we have applied all of them in the situation here before us, candor must compel us to say that we cannot confidently determine what was meant, and we, therefore, resolve the doubt in favor of the taxpayer—taxation is never to be allowed under a statute of doubtful interpretation. Pan-American Petroleum Corp. v. Miller, 154 Miss. 565, 122 So. 393, and the numerous cases cited therein.

Affirmed.

### Dissenting Opinion.

**Smith, C. J.,** delivered a partially dissenting opinion.

Chapter 120, Laws of 1940, revised the privilege tax code of the state and followed the plan pursued in Chapter 88, Laws of 1930, of designating several of the privilege taxes imposed as "state-wide taxes" to be collected by the State Tax Commission, the other taxes imposed to be collected by the county tax collector. Section 221 thereof imposes on transient vendors a state-wide tax for each county according to the following schedules: ". . . (o) Upon each transient vendor, or dealer of cigarettes, cigars or other tobaccos . . . $50.00."

The concluding paragraph of the section provides that, "The privileges taxed by this section may be subjected to taxation by municipalities of the various classes, as now provided by law." It is under this paragraph of the section that the state tax collector is here proceeding, but a later section of the statute, Section 264 thereof, which permits municipalities to tax all of the privileges taxed therein, contains this proviso: "Provided, however, that no municipality shall levy any tax on any privilege which has been duly licensed for state-wide purposes as herein provided," and the appellee's contention is that this general provision of the statute is in conflict with and withdraws the express permission given municipalities in Section 221 of the statute to tax the privileges taxed by that section. Since the transient vendor tax is designated in Section 221 as a state-wide tax, it would be included in the general provision of Section 264 prohibiting municipalities from taxing privileges whereon a state-wide tax is imposed if this general provision of the statute stood alone, but when it is construed, as it must be, with the paragraph of Section 221 specifically granting to municipalities the right to tax the privileges taxed by that section, it must yield to the legislature's specific intent therein expressed. Insofar as I am aware, the universal rule for construing statutes is as set forth in 59 C. J. 993 et seq.: "Section 594. In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part considered separately." . . .

"Section 595. Provided always that the interpretation is reasonable and not in conflict with the legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different pro-

visions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not.''

''Section 596. . . . General and special provisions in a statute should stand together, if possible, but where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part the particular provisions must govern, unless the statute as a whole clearly shows the contrary intention and they must be given effect notwithstanding the general provision is broad enough to include the subject to which the particular provisions relate. The particular provision should be regarded as an exception to the general provision so that both may be given effect.''

These rules have been many times applied by this Court when construing a single statute or two or more statutes in pari materia as will appear from Madison County v. Stewart, 74 Miss. 160, 20 So. 857; Coker v. Wilkinson, 142 Miss. 1, 106 So. 886; White v. Lowry, 162 Miss. 751, 139 So. 874; Greaves v. Hinds County, 166 Miss. 89, 145 So. 900; Gully v. Lumbermen's Mutual Casualty Co., 176 Miss. 388, 166 So. 541, 168 So. 609; Life & Casualty Insurance Co. v. Walters, 180 Miss. 384, 177 So. 47; Dunn Construction Co. v. Craig, 2 So. (2d) 166, decided May 12, 1941.

In White v. Lowry, supra [162 Miss. 751, 139 So. 876], the court said: ''There is therefore involved the application of that well-settled principle in the construction of statutes that, where a statute contains both a particular and a general enactment, and the general enactment in its most comprehensive sense would include what is embraced in the particular one, the latter must be given effect as to all cases which fall within the particular provision, and the general enactment must be taken to embrace only such cases within its general language as

are not within the provisions of the particular enactment.''

It follows, therefore, that the proviso in Section 264, of Chapter 120, Laws of 1940, because of the provision of Section 221 here under consideration, must be applied as if it read as follows: ''Provided, however, that no municipality shall levy any tax on any privilege which has been duly licensed for state-wide purposes as herein provided, except upon privileges taxed by Section 221 of this chapter.''

A cursory examination of the legislative history of Section 221, Chapter 120, Laws of 1940, will disclose that the application of this rule of construction carries out the legislative intent as expressed therein.

Since the adoption of the Code of 1880 (Section 585 thereof), a privilege tax has been imposed on transient vendors of merchandise with permission to municipalities to also impose a tax thereon, unless Section 221, Chapter 120, Laws of 1940, forbids. The designation of some of the privilege taxes as ''state-wide taxes'' first appeared in Chapter 88, Laws of 1930, and was manifestly for the purpose of designating what privilege taxes should be collected by the state tax commission instead of by the county tax collector and on which municipalities were forbidden to levy a tax. Taxes so designated were mainly on privileges the tax on which had theretofore been collected by the state auditor set forth in Section 3894, Code of 1906. Chapter 20 of the Extraordinary Session of 1935 brought forward these provisions of Chapter 88, Laws of 1930. Section 225 thereof, which imposes a license on transient vendors, designates it as ''a state tax for each county'' and expressly permits municipalities to also tax the privilege. Section 221, Chapter 120, Laws of 1940, here under consideration, is practically a rescript of Section 225, Chapter 20, Laws of 1935, Ex. Sess., except that the designation therein of the tax as ''a state tax for each county'' was changed to ''a state-wide tax for each county,'' the permission to municipalities to

tax the privilege being retained as hereinbefore set forth. The tax imposed by Section 221, Chapter 120, Laws of 1940, must be paid for each county in which the taxpayer desires to do business, and is state-wide only when the taxpayer elects to pay the tax for every county in the state. Such also was the effect of Section 225, Chapter 20, Laws of 1935, Ex. Sess. Consequently, no distinction between the two sections appears that would reasonably have caused the legislature to permit municipalities to tax the privilege taxed by the latter, but to forbid it to tax the privilege taxed by the former.

It follows from the foregoing views that I am of the opinion that the state tax collector has the right to collect the municipal privilege taxes here involved. I concur in the holding that the appellees are not liable for the state taxes involved.