CRAIG *et al. v.* DUN & BRADSTREET, INC.

(Division A.   May 26, 1947.)

[30 So. (2d) 798.   No. 36531.]

Jackson & Young, of Jackson, for appellants.

208

**R. H. & J. H. Thompson** and **Albert S. Gardner,** all of Jackson, for appellee.

Argued orally by Joe H. Daniel, for appellants, and by Albert S. Gardner, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellee corporation paid the tax and was issued a license to engage in the business of a commercial reporting agency throughout the State of Mississippi required by Section 14, Chapter 138, Laws of Mississippi 1944. In the conducting of this state-wide activity it maintains an office in the City of Jackson. That municipality demanded of appellee the payment of a tax for the privilege of engaging locally in the same activity in said municipality. Appellee filed a bill in .equity to enjoin

the collection of this local tax. Appellants demurred to the bill. The Chancellor overruled the demurrer, from which decree this appeal is prosecuted.

Appellee says its state-wide license authorizes it to engage in said business in the City of Jackson. Appellants claim that the municipality has the right and power to impose an additional local tax. The question for decision is whether appellee is liable for the local tax. The question involves a construction together of the various provisions of Chapters 137 and 138 of the Laws of 1944.

Chapter 137 confers authority on municipal and county boards to levy taxes for the privilege of engaging in certain local activities. Section 53 of that chapter provides for a municipal tax, the amount of which is graded according to the class of municipality, upon each person engaged in the business of a commercial credit reporting agency "maintaining an office or establishing (established) place of business * * *," within the taxing municipality.

Section 227, Chapter 137, enacts that "no municipality or county shall levy any tax on any privilege which has been duty licensed for state-wide purposes * * *," and Section 231 denies to county and municipal boards the power to "levy or collect any tax upon any privilege which is taxable under the provisions" of Chapter 138.

Chapter 138 imposes state-wide privilege taxes. Section 14 thereof requires any person engaging in the foregoing business of reporting on the credit and financial standing of persons "engaged in business in this state" a state-wide tax of $300, and upon such person who is reporting such standing of "persons other than those engaged in business in this state," a state-wide tax of $200. Section 1, Chapter 138, provides that the state-wide license is good in each county of the State unless otherwise limited "and it shall be the authority of the licensee to engage in the business designated for the period of

time under the conditions specified therein, and at the place or places stated, if the business carried on be at a definite place.'' That Section further defines a state-wide tax as ''the tax paid or imposed for a state-wide license.'' Section 70, Chapter 138, reads: ''The privileges taxed by this act shall not be taxed by the board of supervisors of any county; nor by any municipalities except as may be herein provided.''

The question has been simplified by an excellent brief of appellants. They say, ''The municipal privilege tax is sought to be imposed upon the appellee for maintaining an office or established place of business in Jackson, Mississippi. If the appellee did not maintain an office or established place of business in Jackson, Mississippi, it would not be subject to the municipal privilege tax.'' That raises the question, what is taxed under these provisions? Is it the privilege of maintaining an office, or the privilege of conducting a business? All of the povisions of both of these chapters clearly show that the privilege which is taxed and granted is the activity of engaging in the business of a commercial reporting agency. The license confers the privilege of engaging in that business. The two chapters define the term ''business'' in the same words. The definition is: ''The term 'business' when used in this act shall include all activities or acts personal, professional, or corporate, engaged in or caused to be engaged in with the object of gain, profit, benefit, or advantage, either direct or indirect, or following or engaging in any trade, calling or profession, and all things which occupy the time, attention and labor of men for the purpose of a livelihood or profit.'' Section 1, Chapter 137, Section 1, Chapter 138.

The question also involves the proposition whether the right to engage in the business of a commercial reporting agency throughout the state impliedly involves the right to maintain an office in the State for the effective carrying on of that business. It is difficult to understand how a state-wide business of this nature could be successfully

conducted without the aid of an established office in the State. Section 1 of Chapter 138 enacts that a state-wide license is "good and valid, in each and every county in the state, unless otherwise limited . . ." It therefore seems clear that the thing taxed is the privilege of engaging in a certain business and that the privilege to engage in that business throughout the state impliedly authorizes the taxpayer to maintain an office necessary for that purpose.

Section 227, Chapter 137, denied municipalities the power and right to "levy any tax on any privilege which has been duly licensed for state-wide purpose" and Section 70, Chapter 138, provides that "the privileges taxed by this act shall not be taxed by the board of supervisors of any county; nor by any municipalities except as may be herein provided." We would emphasize the word "herein" used in this section. No provision for levying the tax in question is authorized by Chapter 138.

In Craig v. Walker et al., 191 Miss. 424, 2 So. (2d) 806, 807, the Court used this language: "Thus there has become a fixed legislative policy to designate privilege taxes, in certain of each of the sections levying them, as state-wide, in which case municipalities are barred, and in the other sections, each of them, to designate the tax as simply a privilege tax upon the particular business dealt with in that section, in which cases, as the ordinary rule, municipalities may collect fifty per cent of the specified state tax."

Conflicts between provisions of the two foregoing chapters are controlled by Chapter 138, it being the later enactment. Certainly double taxation should not be permitted unless the Legislature has the authority to impose it and has clearly done so, and doubts in that regard should be resolved in favor of the taxpayer.

Affirmed.