# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-01389-SCT

*LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI*

*v.*

*SHADRACK TUCKER WHITE, IN HIS OFFICIAL CAPACITY AS STATE AUDITOR AND THE MISSISSIPPI DEPARTMENT OF AUDIT A/K/A THE MISSISSIPPI OFFICE OF THE STATE AUDITOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2024 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| TRIAL COURT ATTORNEYS: | GERALD LEE KUCIA |
| | E. CLAIRE BARKER |
| | JAMES A. BOBO |
| | MARY KATHRYN FORD |
| | JOSEPH ALLEN SEYMOUR |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JAMES HENDERSON HALL |
| | JUSTIN L. MATHENY |
| | SCOTT GRANT STEWART |
| | DANIEL KIM |
| ATTORNEYS FOR APPELLEE: | JAMES A. BOBO |
| | CLAY BENTON BALDWIN |
| | JASON KYLE HACKETT |
| | JOSEPH ALLEN SEYMOUR |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION | REVERSED AND RENDERED - 06/11/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1.     Attorney General Lynn Fitch filed a declaratory action in the Hinds County Chancery Court seeking a determination of whether the attorney general has the sole authority to manage litigation and prosecute suits to recover money on behalf of the state of Mississippi. After the chancery court granted summary judgment in favor of the state auditor, the attorney general now appeals. Finding error, we reverse the chancery court's orders and render judgment in favor of the attorney general.

## FACTS AND PROCEDURAL HISTORY

¶2.     The underlying dispute in this case involves litigation by the state of Mississippi against numerous defendants accused of misusing state funds designated for the Temporary Assistance for Needy Families (TANF) program operated by the Mississippi Department of Human Services (MDHS).   On October 12, 2021, State Auditor Shad White issued a demand on Favre Enterprises, Inc., Robert Culumber, and Brett Favre for "the illegal expenditure of public funds," specifically alleging misuse of TANF funds.  Then, when the demand went unmet, the auditor referred the matter to the attorney general for formal prosecution on November 15, 2021.

¶3.     On May 9, 2022, after conducting her own investigation, the attorney general filed suit in circuit court on behalf of MDHS ("AG's TANF action") against a total of thirty-eight defendants, including the three defendants named by the auditor (collectively, "the Favre defendants").  On December 13, 2022, the attorney general filed an amended complaint against the Favre defendants.  But the amount sought in the amended complaint did not

2

include the statutory interest as contained in the auditor's original demand. According to the attorney general, the decision to exclude the statutory interest in the amended complaint was a legal strategy, and she reserved the right to prosecute for it in a potential future lawsuit. The AG's TANF action is currently pending in the circuit court.

¶4. Meanwhile, on February 9, 2023, Favre filed a defamation action against White, individually, in the circuit court. The attorney general initially represented White in this lawsuit but later withdrew representation "after White created a conflict of interest." Then, the auditor filed a counterclaim in his official capacity to recover both the principal and statutory interest not included in the AG's TANF action.

¶5. After the circuit court dismissed White's counterclaim, the auditor, in his official capacity, filed a separate action in circuit court against the Favre defendants seeking recovery of remaining TANF funds and the statutory interest on the TANF funds ("auditor's TANF action"). In this suit, the auditor asserted his "exclusive right to pursue the claims asserted [in the complaint]," citing Mississippi Code Section 7-7-211(g) (Supp. 2025). Among the compensatory relief sought on behalf of the state, the auditor requested declaratory relief concerning "[t]he rights, status, or other legal relations of the [auditor]" and how the same "are affected by statutes, instruments, or contracts and he may have determined any question of construction or validity arising under the instruments, statutes, or contracts and obtain a declaration of rights, status or other legal relations thereunder." In a February 11, 2024 news segment, the auditor claimed that his office was then in charge

3

of the litigation.

¶6. Then, on February 22, 2024, the attorney general filed a petition for declaratory relief in the chancery court ("AG's declaratory action"). The petition sought a declaratory judgment stating that (1) the attorney general has the sole authority to manage litigation and prosecute on behalf of the state; (2) the auditor lacks the authority to manage litigation and prosecute on behalf of the state once a case is referred to the attorney general for litigation; (3) the auditor exceeded his statutory authority and encroached on the attorney general's authority when he filed a counterclaim in the Favre defamation suit; and (5) that the attorney general had not declined to prosecute any lawsuit for monies owed by Favre.

¶7. On February 28, 2024, the auditor responded to the attorney general's petition for declaratory judgment by filing a motion to transfer or, alternatively, to dismiss the petition for declaratory judgment with prejudice. The auditor argued that the chancery court lacked subject-matter jurisdiction because the petition "assert[ed] pure questions of law and two (2) factual issues[.]"

¶8. Then, on April 5, 2024, the attorney general filed a motion for declaratory judgment or, alternatively, for summary judgment. On November 21, 2024, the chancery court entered an order converting the auditor's motion to dismiss to a motion for summary judgment and granting summary judgment in favor of the auditor. The chancery court found that "the plain language of [Section 7-7-211(g)] vests the State Auditor with the authority and responsibility to begin a legal suit in these specific circumstances and further mandates that

4

the attorney general prosecute the same." The chancery court also found that the attorney general did not possess sole authority to manage litigation and prosecute on behalf of the state and dismissed the attorney general's petition for declaratory judgment with prejudice. The attorney general now appeals.

## STANDARD OF REVIEW

¶9.     This Court reviews questions of law—including jurisdiction—de novo. *Braswell v. Ergon Oil Purchasing, Inc.*, 179 So. 3d 997, 1002 (Miss. 2015) (citing *Derr Plantation, Inc. v. Swarek*, 14 So. 3d 711, 715 (Miss. 2009)).  Likewise, "[i]t is well-settled that appellate review of the trial court's grant or denial of a motion for summary judgment requires the application of de novo review." *Adams v. Graceland Care Ctr. of Oxford, LLC*, 208 So. 3d 575, 579 (Miss. 2017) (citing *Copiah Cnty. v. Oliver*, 51 So. 3d 205, 207 (Miss. 2011)).

## DISCUSSION

¶10.    The question before this Court is whether the attorney general has the sole authority to prosecute and to manage litigation for the recovery money on behalf of the state of Mississippi under Mississippi Code Section 7-5-1 (Rev. 2019) and Mississippi Code Section 7-7-211(g) (Supp. 2025).  In addition, we will address whether the auditor has the authority to file suit for the recovery of money under Section 7-7-211(g).

¶11.    With regard to the office of the attorney general, the Mississippi Constitution provides that

There shall be an Attorney General elected at the same time and in the same manner as the Governor is elected, whose term of office shall be four years and whose compensation shall be fixed by law. The qualifications for the Attorney General shall be the same as herein prescribed for judges of the circuit and chancery courts.

Miss. Const. art. 6, § 173.

¶12. Likewise, the legislatively prescribed duties of the attorney general are as follows:

[She] shall be the chief legal officer and advisor for the state, both civil and criminal, and is charged with managing all litigation on behalf of the state, except as otherwise specifically provided by law. . . . [She] shall have the powers of the Attorney General at common law and, except as otherwise provided by law, is given the sole power to bring or defend a lawsuit on behalf of a state agency, the subject matter of which is of statewide interest.

Miss. Code Ann. § 7-5-1 (Rev. 2019).

¶13. We have held that the attorney general has "the powers which were vested in [her] at common law, and those which have been conferred upon [her] by statute." *State ex rel. Patterson v. Warren*, 180 So. 2d 293, 299 (Miss. 1965). "This includes the right to institute, conduct and maintain all suits necessary for the enforcement of the laws of the state, preservation of order and the protection of public rights." *Bell v. State*, 678 So. 2d 994, 996 (Miss. 1996) (citing *Gandy v. Reserve Life Ins. Co.*, 279 So.2d 648, 649 (Miss. 1973)). "As to litigation, subject-matter of which is of state-wide interest, the attorney general alone has right to represent state." *Capitol Stages, Inc. v. State ex rel. Hewitt*, 157 Miss. 576, 128 So. 759, 764 (Miss. 1930) (citing Hemingway's Code (1927) § 3701; Miss. Const. art. 6, § 173).

¶14. We recognize, however, that the attorney general's power to litigate may be subject

to exception. In 2012, the Legislature amended Section 7-5-1 to include the "except as otherwise specifically provided by law" language. Until 2012, no exceptions to the statutorily prescribed powers of the attorney general existed. The auditor asserts that this exception, when read in conjunction with Section 7-7-211(g), authorizes him to file suit on behalf of the state for the recovery of funds.

¶15. With regard to the powers of the office of the state auditor, the Mississippi Constitution provides in relevant part that

> [A]n Auditor of Public Accounts shall be elected as herein provided, who shall hold their office for the term of four (4) years, and shall possess the same qualifications as required for the Secretary of State.

Miss. Const. art. 5, § 134.

¶16. The auditor's legislatively prescribed duties, which are wrought with intricate detail of accounting and audit functions, include identifying and addressing accounting practices and principles, analyzing managerial policies of agencies and local governments, auditing and investigating the financial affairs of boards, agencies and commissions, making demand for the return of public funds, and establishing training courses for state and local governments. Miss. Code Ann. § 7-7-211(a)-(q) (Supp. 2025).

¶17. Pertinent to today's case, Section 7-7-211(g) provides the procedure to be followed by the auditor when making a demand for the return of public money. This section provides in relevant part:

> To make written demand, when necessary, for the recovery of any amounts representing public funds improperly withheld, misappropriated and/or

7

otherwise illegally expended . . . . In the event, however, such person or persons or each surety shall refuse, neglect or otherwise fail to pay the amount demanded and the interest due thereon within the allotted thirty (30) days, *the State Auditor shall have the authority and it shall be his duty to institute suit, and the attorney general shall prosecute the same*

Miss. Code Ann. § 7-7-211(g) (Supp. 2025) (emphasis added).

¶18.    The auditor suggests that the phrase "to institute suit" as found in Section 7-7-211(g) empowers him to file suit for the recovery of money on behalf of the state. He relies on Black's Law Dictionary's definition of the word *institute*, meaning to "start or commence a legal proceeding," in conjunction with Rule 3(a) of the Mississippi Rules of Civil Procedure, which provides that "[a] civil action is commenced by filing a complaint with the court." M.R.C.P. 3(a). But this reading of the statute is not in harmony with the constitutional framework, historical context, or legislatively prescribed duties for either state agency.

¶19.    With regard to statutory interpretation, this Court has stated:

> The function of the Court is not to decide what a statute should provide, but to determine what it does provide. The Court must not broaden or restrict a legislative act. The Court's goal is to give effect to the intent of the Legislature. To determine legislative intent, the Court first looks to the language of the statute. If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction.

*Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (citation modified).

¶20.    "Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent." *Miss. Emp. Sec.*

8

***Comm'n v. Jones***, 826 So. 2d 77, 80 (Miss. 2002) (citing ***Anderson v. Lambert***, 494 So. 2d 370, 372 (Miss. 1986)). "This Court follows the long-standing maxim of statutory construction that 'the Legislature's intention must be determined by the total language of the statute and not from a segment considered apart from the remainder . . . .'" ***Lawson***, 75 So. 3d at 1029 (alteration in original) (quoting ***Manufab, Inc. v. Miss. State Tax Comm'n***, 808 So. 2d 947, 949 (Miss. 2002). "The Court looks to the whole of a statute to avoid adhering to one sentence or phrase of statute in a way that skews its true meaning. ***Id.***

¶21.    Looking at the history of the statute, we note that a previous version of Section 7-7-211(g) provided that "the state auditor shall have authority and it shall be his duty to institute suit ***and prosecute*** the same[.]" Miss. Laws (1948) ch. 202, § 5(e) (emphasis added). Then, in 1952, this statute was amended to its current language that "the [auditor] department shall have authority and it shall be its duty to institute suit and *the attorney general shall prosecute* the same[.]" Miss. Laws (1952) ch. 176, § 5(6) (emphasis added). It is apparent that, though prosecutorial powers were once legislatively prescribed to the auditor, they were removed in 1952.

¶22.    Looking to the duties and qualifications of each office, the attorney general is tasked with being the "chief legal officer" of the state, and the qualifications for holding office are commensurate with those of a trial judge. Miss. Const. art 6, § 173; § 7-5-1. In contrast, the duties of the auditor include accounting, auditing and investigative duties, and the qualifications for holding the office are the same as those for the secretary of state. Miss.

9

Const. art 5, § 134; § 7-7-211(a)-(q). The attorney general must be an attorney, and the auditor has no such requirement.

¶23. This Court, in considering the powers of the attorney general and the auditor, interpreted the role of auditor as "chief inspector" and the "responsible head of the accounting department of the state [who is] without authority to institute . . . suit." *White v. Lowry*, 162 Miss. 751, 139 So. 874, 876 (1932). Additionally, this Court held that "it is more in harmony with our governmental system that the attorney general, who is the responsible head of the legal department of the state, shall have initial jurisdiction over those important legal questions which affect the general interests or policy of the state[.]" *Id.*

¶24. Reading Section 7-7-211(g) as giving the auditor the authority to file suit for the recovery of money conflicts with Section 7-5-1 as giving the attorney general "the sole power to bring or defend a lawsuit filed on behalf of a state agency." However, reading Sections 7-5-1 and 7-7-211(g) in tandem and with historical context in mind, we find a common-sense separation of duties as prescribed by the Legislature—that the auditor will audit and that the attorney general will litigate.

¶25. As a final consideration, we consider whether the chancery court erred by asserting jurisdiction over this matter. The "[l]ack of jurisdiction is something this Court can—and should—take notice of sua sponte." *Scruggs v. Farmland Mut. Ins. Co.*, 359 So. 3d 1045, 1046 (Miss. 2023) (citing *Hotboxxx, LLC v. City of Gulfport*, 154 So. 3d 21, 27 (Miss. 2015); *Frisby v. City of Gulfport (In re City of Biloxi)*, 113 So. 3d 565, 570 (Miss. 2013)).

10

¶26.     Petitions for declaratory judgment under Mississippi Rule of Civil Procedure 57 are jurisdictionally neutral. ***Issaquena Warren Cntys. v. Warren Cnty. Land Co.***, 996 So. 2d 747, 750 (Miss. 2008). So, "[i]n determining which court has subject-matter jurisdiction, a court looks at the face of the complaint to ascertain the nature of the controversy and the relief sought." ***RiverHills Cap. Corp. v. At-Home Care, Inc.***,, 373 So. 3d 1009, 1013 (citing ***Germany v. Germany***, 123 So. 3d 423, 428 (Miss. 2013)).  "When a plaintiff's complaint neither requests nor requires equitable relief, a chancery court should not exercise jurisdiction." ***Lawrence Cnty. Sch. Dist. v. Brister***, 823 So. 2d 459 (Miss. 2001) (citing ***McLean v. Green***, 352 So. 2d 1312, 1314 (Miss. 1977)).

¶27.     Because the attorney general's petition contains no request for equitable relief, we find that the chancery court lacked subject-jurisdiction over this action. This Court is precluded, however, from reversing on this basis alone. The Mississippi Constitution provides:

> No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.

Miss. Const. art. 6, § 147.  "[W]here a final judgment has been rendered, we are without power to reverse for lack of jurisdiction pursuant to Section 147." ***Miss. Mun. Liab. Plan v. Jordan***, 863 So. 2d 934, 940 (Miss. 2003) (citing ***U.S. Fid. & Guar. Co. v. Est. of***

11

*Francis ex rel. Francis*, 825 So. 2d 38, 45 (Miss. 2002)). Because article 6, section 147, of the Mississippi Constitution  precludes this Court from reversing a final judgment based solely on subject-matter jurisdiction, our reversal is based on the chancery court's error in interpreting the relevant statutes.

## CONCLUSION

¶28.    Because the chancery court's order breaks new ground as a total departure from the legislatively prescribed role of the auditor, we reverse the orders of the chancery court. Accordingly, we render judgment here that the attorney general possesses, and the auditor lacks, the authority to prosecute and to manage litigation seeking the recovery of state money under Sections 7-5-1 and 7-7-211(g).

¶29.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR.**