PER CURIAM.
This is an appeal from a modification order in a postdissolution proceeding. The final judgment of dissolution incorporated a property settlement agreement which provided that: (1) the two children were to reside with the wife; (2) the husband was to pay the wife $600 per month as child support “regardless of where the son resides;” and (3) the husband and the wife both waived any present or future rights they may have had to alimony payments for support and maintenance. Thereafter, the daughter married and the parties entered into a verbal agreement that the son would live with the husband. A year later, the husband filed a petition for modification seeking termination of child support.
At the hearing, the husband testified that the phrase “regardless of where the son resides” had not been completely discussed and that he agreed to its addition because he did not foresee a problem with the wife having custody of the son. The wife testified that the $600 per month child support was also intended to assist in her support even though it was not designated as alimony. She admitted that for the past several months she had been living with another man and that he was paying most of her living expenses. Except for the wife’s monthly payment of $58 for health insurance and some small purchases of clothing, the husband has been fully supporting the son for the past year.
At the conclusion of the testimony, the court theorized that the parties had called the entire $600 monthly payment child support rather than designating a portion as alimony in order to reduce taxes and reasoned that although the husband should not now have to pay a full $600, he ought to pay something for the support of his ex-wife. Concerned over the legality of his order yet convinced of its expediency, the court terminated the obligation for child support but directed the husband to pay the wife $200 per month alimony. The husband appealed this order. The wife did not cross-appeal.
The husband contends that the court could not now award alimony when there was no retention of jurisdiction to do so in *4 the final judgment. He also points out that the wife did not file a pleading requesting alimony and asserts that the court erred in awarding alimony when both parties specifically waived alimony in the property settlement agreement. Even though his monthly payment has been reduced, he contends that he has been severely prejudiced because child support would have terminated when his son reached majority in four more years, whereas his obligation to pay alimony will continue and could be increased depending upon the circumstances of the parties.
The husband’s contentions are so legally compelling that we cannot sustain the alimony award. However, the elimination of the provision for child support is also suspect. In Hartman v. Hartman, 436 So.2d 193 (Fla. 3d DCA 1983), the parties’ property settlement agreement provided that the wife would receive a fixed monthly sum for child support so long as the children were minors and the wife did not remarry “regardless of which of the children may be domiciled or in her custody.” Thereafter, the husband sought to obtain a reduction of the child support on the ground that the custody of one of the children had been transferred to him. In affirming a denial of a petition for modification, the court made the observation that it would not remake the parties’ valid child support agreement.
We find this rationale pertinent here. While the court always retains jurisdiction to modify an award of child support, the parties made a specific agreement which was ratified in the final judgment that the place of the child’s residence was irrelevant to the monthly payment of $600. In the absence of a cross-appeal, the reduction of the husband’s obligation from $600 to $200 cannot be disturbed, but we believe that the remaining $200 award can be sustained in the form of child support. Under the circumstances, we cannot see how the husband can legitimately complain of having to pay $200 per month to the wife until the son reaches majority, particularly when it appears that the parties seemed to have contemplated that some of the original $600 payment would go towards the support of the wife.
We hereby modify the subject order to the extent that the $200 award to the wife shall be designated as child support rather than alimony; otherwise, the order is affirmed.
GRIMES, A.C.J., and CAMPBELL and SANDERLIN, JJ., concur.