# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01332-COA

**BRENDA SPAN, AS GUARDIAN AND NEXT FRIEND OF ANTHEIJAH SPAN, A MINOR**                    **APPELLANT**

**v.**

**DR. BRANTLEY P. NICHOLS**                                                                 **APPELLEE**

DATE OF JUDGMENT:              09/19/2017
TRIAL JUDGE:                   HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:     SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ELLIS TURNAGE
ATTORNEYS FOR APPELLEE:        JOHN A. BANAHAN
                               MICHAEL RILEY MOORE
NATURE OF THE CASE:            CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                   AFFIRMED - 05/12/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     In this medical malpractice case, the circuit court ruled that the statute of limitations expired after the plaintiff failed to timely serve process on the defendant. On appeal, the plaintiff argues that the statute of limitations was tolled until the complaint was filed because the claim was filed on behalf of her minor daughter. The plaintiff also argues that the circuit court erred by preventing her from cross-examining witnesses regarding her failed attempt at service. We hold that the minors savings provisions of the medical malpractice statute are controlling in this case and did not toll the limitations period. In addition, the circuit court did not prohibit the plaintiff from cross-examining anyone or commit any other abuse of

discretion. Therefore, we affirm the judgment of the circuit court granting summary judgment in favor of the defendant.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 18, 2013, Antheijah Span, then fifteen years old, had her wisdom teeth removed by Dr. Brantley Nichols at the North Sunflower Medical Center in Ruleville. Nichols primarily practiced in Hattiesburg but also saw patients once a week in Ruleville.

¶3. On July 31, 2015, Antheijah's mother, Brenda Span, filed suit on behalf of Antheijah against Nichols in the Sunflower County Circuit Court. Span alleged that Antheijah experienced complications and suffered pain and permanent injuries because Nichols breached the standard of care when he extracted Antheijah's wisdom teeth. Span also alleged that she had served Nichols with pre-suit notice pursuant to Mississippi Code Annotated section 15-1-36(15) (Rev. 2012).

¶4. On February 19, 2016, Span filed a proof of service/sheriff's return. The return shows that the summons was stamped "received" by the Forrest County Sheriff's Office on November 23, 2015, i.e., 115 days after the complaint was filed. The summons is directed to Nichols at the address of his Hattiesburg clinic. The return appears to state that a deputy sheriff "personally delivered copies of the summons and complaint" to Nichols on November 24, 2015. However, the handwritten month is not entirely clear, and the unidentified deputy's signature is illegible.

¶5. On February 19, 2016, Span also applied to the clerk for an entry of default based on Nichols's failure to answer the complaint. Span also filed a motion for the court to determine

2

damages. The clerk entered a default on the docket, and on April 12, 2016, the court entered an order finding Nichols liable based on his failure to answer the complaint, with a hearing to be held later to determine damages.

¶6. On May 5, 2016, Nichols filed a motion to set aside the entry of default and the order adjudicating liability. Nichols alleged that the default and order should be set aside because he was never served with pre-suit notice pursuant to subsection 15-1-36(15), *supra*, nor was he served with the summons and complaint. Nichols also argued that Span's claim should be dismissed because she failed to file a certificate of expert consultation, as required by Mississippi Code Annotated section 11-1-58 (Rev. 2014).[1] In support, Nichols attached his affidavit and the affidavit of the administrative assistant for the North Sunflower Medical Center.

¶7. In his affidavit, Nichols stated that he was a resident of Lamar County, that his primary dental practice was in Hattiesburg in Forrest County, and that he also treated patients in Ruleville in Sunflower County one day a week. Nichols averred that he first became aware of Span's lawsuit on April 29, 2016, when his clinic received a copy of the circuit court's order adjudicating liability. Nichols denied that he ever received pre-suit notice from Span. Nichols also stated that he had checked his schedule, and he was never in Forrest County on November 24, 2015, the date he was allegedly served with process there. Nichols stated that he worked that entire day in Ruleville, saw approximately twenty patients at the

---

[1] With her complaint, Span's attorney filed a certificate that he could not reasonably obtain an expert consultation before the expiration of the statute of limitations. *See* Miss. Code Ann. § 11-1-58(1)(b). However, Span failed to supplement that certificate within sixty days as required by the statute. *See id.*

North Sunflower Medical Center, and returned to his home after business hours. According to Nichols, he "was not present in the office in Hattiesburg or anywhere else in Forrest County to have received the Summons and Complaint on November 24, 2015."

¶8. Sandra Britt, the administrative assistant at the North Sunflower Medical Center, confirmed in her affidavit that the Center's records show that Nichols had twenty surgical patients scheduled in Ruleville on November 24, 2015, that he saw his first patient at 6 a.m., and that he completed his last surgical case at approximately 3:45 p.m.

¶9. Span filed a response to Nichols's motion in which she generally "denied and disputed" all of Nichols's arguments, including his denial that he was personally served with a copy of the summons and complaint. Span also attached an affidavit from her attorney's legal assistant attesting that she sent Nichols pre-suit notice by certified mail on May 26, 2015. A return receipt filed with the affidavit indicates that certified mail was received by someone at Nichols's Hattiesburg clinic on May 28, 2015. Finally, Span attached an expert report in support of her claim. It does not appear that the expert reviewed any of Antheijah's medical records prior to October 2015, and the report is dated November 20, 2015. However, Span argued that Nichols waived the statutory expert consultation requirement by failing to file an answer to the complaint.

¶10. The circuit court held a hearing on Nichols's motion on October 25, 2016. Neither side presented any witnesses or additional evidence at the hearing. Span's attorney asked the court "to keep the record open" for Span to take the depositions of Nichols and Britt. He stated that he had not attempted to depose them because he "suspected that [Nichols] would

4

be [at the hearing] to testify . . . in person." Span also made an ore tenus motion to strike the affidavits of Nichols and Britt because they had not been subject to cross-examination. The court did not rule on Span's ore tenus motion. At the conclusion of the hearing, the court took Nichols's motion under advisement.

¶11. On December 12, 2016, the court granted Nichols's motion to set aside the entry of default and the court's prior order adjudicating liability. In its order, the court "accept[ed] Dr. Nichols's claim that he was not properly served." The court also found that Nichols had multiple meritorious and colorable defenses.

¶12. On May 22, 2017, Span obtained a new summons from the clerk. A process server personally served Nichols in Sunflower County on June 20, 2017. However, at no point did Span file a motion for additional time to serve Nichols. *See* M.R.C.P. 4(h).

¶13. On June 25, 2017, Nichols filed a motion for summary judgment. In support of his motion, Nichols again submitted his affidavit and Britt's affidavit. Nichols argued that the claim was barred by the applicable two-year statute of limitations. *See* Miss. Code Ann. § 15-1-36(2). For purposes of the motion, Nichols did not dispute Span's claim that she served him with pre-suit notice. Nichols argued that Span's claim accrued on June 18, 2013, and even allowing an additional sixty days for service of pre-suit notice in May 2015, *see id.* § 15-1-36(15), the statute of limitations on the claim was set to expire on August 17, 2015. Span filed her complaint on July 31, 2015, with seventeen days left on the statute. The filing of the complaint tolled the statute of limitations for 120 days. *See Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002). However, Nichols argued that because Span

failed to serve him with process within 120 days, the statute automatically began to run again on November 28, 2015, *see id.*, and expired seventeen days later on December 15, 2015. Thus, Nichols argued, the statute expired long before Span finally served him in June 2017.

¶14. Span filed a response to Nichols's motion in which she argued that the filing of the complaint continued to toll the statute of limitations despite any failure of service of process. She argued that the statute would not begin to run again unless the case was actually dismissed. Span also asserted that Nichols waived his statute of limitations defense by making a "general appearance" in support of his motion to set aside the entry of default and the order adjudicating liability.

¶15. The court held a hearing on Nichols's motion for summary judgment. At the hearing, counsel simply reiterated their respective legal arguments. Span's attorney argued that the filing of the complaint continued to toll the statute of limitations "[i]n the absence of a dismissal," which had not occurred. Span did not contest the court's prior finding that she failed to serve process in November 2015. Nor did she raise any evidentiary objections to the affidavits filed by Nichols in support of his motion.

¶16. On September 19, 2017, the circuit court granted Nichols's motion for summary judgment. The court stated that under Mississippi Rule of Civil Procedure 4(h), Span originally had until November 28, 2015, to serve process. The court reasoned that the sheriff's return dated November 24, 2015, gave Span "reason to believe" that she had served Nichols. The court then held:

> [T]he time for service of process was tolled from the date [Span] had reason
> to believe that service had been perfected, November 24, 2015, until the date

the Court's order setting aside the default was filed on December 12, 2016. That means [Span] had four days after the Court's Order to serve [Nichols]. However, [Span] waited approximately six months to serve [Nichols]. At no time did [Span] seek to extend the time period for service or process in this case. Accordingly, the Court finds that [Span] failed to timely serve [Nichols] with process in this case.

The court further held that the statute of limitations, which had seventeen days left when Span filed her complaint, began to run again after Span failed to timely serve Nichols and thus expired several months before she finally served him in June 2017. Therefore, the court granted Nichols's motion for summary judgment and dismissed the complaint with prejudice based on the statute of limitations.

¶17. On September 29, 2017, Span filed a motion to reconsider under Mississippi Rule of Civil Procedure 59.[2] Span's motion attempted to revive her ore tenus objection to the affidavits of Nichols and Britt, which she had raised at the October 2016 hearing on Nichols's motion to set aside the default and the court's order adjudicating liability. Span complained that the court's December 2016 order—i.e., the court's prior order setting aside the default and adjudication of liability—had not addressed her ore tenus request to depose Nichols, and she argued that she had been denied her right to cross-examine Nichols. Finally, although Span conceded that the court's December 2016 order made a finding that she had failed to serve Nichols with process, Span complained that the order "contain[ed] no explicit language stating [that she] was required to obtain service of process on Dr. Nichols."

---

[2] Actually, Rule 59 "does not authorize a motion for reconsideration after entry of judgment." M.R.C.P. 59 advisory committee notes. However, "[i]f a motion is mislabeled as a motion for reconsideration and was filed within ten days after the entry of judgment, the trial court should treat such motion as a post-trial motion to alter or amend the judgment pursuant to [Rule] 59(e)." *Id.*

In short, Span maintained that she was entitled to an "explicit" warning from the court that she still needed to serve Nichols.

¶18. In response to Span's motion to reconsider, Nichols argued that Span's complaints about the court's prior (December 2016) order were waived or untimely. In addition, Nichols argued that the court was not required to "direct" Span to serve the defendant. Rather, the court's factual finding that she had failed to do so was a sufficient warning to her.

¶19. On July 6, 2018, the circuit court denied Span's motion to reconsider. The court acknowledged that Span had made an ore tenus motion during the October 2016 hearing to strike the affidavits of Nichols and Britt and to conduct discovery. However, the court found that there was adequate time for Span to conduct any necessary discovery related to service of process between May 2016, when Nichols filed his affidavits, and the October 2016 hearing. Yet, Span made no attempt to conduct discovery during that time. Therefore, the court denied Span's motion to strike the affidavits and conduct discovery. The court also ruled that once it entered an order finding that Span had failed to serve process, Span "should have known that she was required to serve [Nichols] and that the [c]ourt had no obligation to instruct [Span] on her duty to comply with Rule 4." Accordingly, the court denied Span's motion to reconsider.

¶20. The circuit clerk did not send the court's order to the parties, and Span's attorney first learned of the order on August 16, 2018. Span filed a timely motion to reopen the time for appeal under Mississippi Rule of Appellate Procedure 4(h). The court granted the motion, and Span then filed her notice of appeal.

8

**ANALYSIS**

¶21. On appeal, Span raises two issues: (1) whether the general "minors savings clause," Miss. Code Ann. § 15-1-59 (Rev. 2019), tolled the statute of limitations from the date of Antheijah's injuries until the filing of the complaint and (2) whether the circuit court erred by "prohibiting" Span from cross-examining Nichols and denying Span her "right to cross-examine" Nichols.

¶22. Nichols argues that the first issue is waived because Span failed to raise the issue in the circuit court. Nichols also argues that the issue is without merit because the specific minors savings provisions of the medical malpractice statute of limitations control over the general minors savings clause. For the reasons explained below, we decline to hold that Span waived the issue. However, we agree with Nichols that Span's argument fails on the merits because the specific minors savings provisions of the medical malpractice statute are controlling and did not toll the statute of limitations in this case.

¶23. As to the second issue, the circuit court did not deny Span any right or prohibit her from cross-examining anyone. Span simply failed to avail herself of the opportunities and procedures for conducting discovery or compelling testimony. Accordingly, we hold that Span's arguments are without merit, and we affirm the order of the circuit court granting summary judgment in favor of Nichols.

> **I.    The general minors savings clause does not apply; the complaint is barred by the medical malpractice statute of limitations.**

¶24. Span first argues that her complaint was timely filed because the general minors savings clause, Miss. Code Ann. § 15-1-59, tolled the statute of limitations from the time of

Antheijah's injuries until the complaint was filed. Section 15-1-59 provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy . . . , he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

Miss. Code Ann. § 15-1-59. "The disability of infancy is removed when a person attains the age of twenty-one years." *Anderson v. R & D Foods Inc.*, 913 So. 2d 394, 397 (¶9) (Miss. Ct. App. 2005) (citing *Lawler v. Gov't Employees Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990)). Thus, in general, the statute of limitations applicable to personal actions brought by or on behalf of a minor will be tolled until the minor reaches the age of twenty-one.

¶25. Span argues that the general minors savings clause tolled the statute of limitations applicable to Antheijah's claim because Antheijah was fifteen years old when her claim accrued and was a minor at all relevant times. Span admits that she did not make this argument in the circuit court. Ordinarily, this would mean that she had waived the issue on appeal. "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *Adams v. Bd. of Supervisors of Union County*, 177 Miss. 403, 414, 170 So. 684, 685 (1936). This is because "[a] trial judge cannot be put in error on a matter which was never presented to him for decision." *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988).

¶26. However, our Supreme Court appears to have held that this general rule of waiver does not apply to minors. *Natural Father v. United Methodist Children's Home*, 418 So. 2d 807, 809 (Miss. 1982) (quoting *Williams v. Bailey*, 174 Miss. 760, 767, 165 So. 439, 441 (1936)); *accord Lemon v. Miss. Transp. Comm'n*, 735 So. 2d 1013, 1024 (¶45) (Miss. 1999);

10

*Johnson v. Howell*, 592 So. 2d 998, 1001 (Miss. 1991). The Supreme has stated, "Minors can waive nothing. In the law, they are helpless, so much so that their representatives can waive nothing for them . . . ." *Natural Father*, 481 So. 2d at 809 (quoting *Khoury v. Saik*, 203 Miss. 155, 162, 33 So. 2d 616, 618 (1948)). Accordingly, we will address this argument notwithstanding Span's failure to raise the issue in the circuit court.

¶27. A medical malpractice claim must be "filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." Miss. Code Ann. § 15-1-36(2). This statute of limitations for medical malpractice claims has its own specific minors savings provisions. *Id.* § 15-1-36(3)-(4), (6)-(8). Under these specific provisions, the statute of limitations for a minor's medical malpractice claim is tolled until the minor's sixth birthday or—if the minor does not have a parent or legal guardian—until the minor is at least six years old and has a parent or legal guardian. *Id.*[3] These specific savings provisions did not toll the limitations period in this case because it is undisputed that Antheijah was already fifteen years old and had a parent and guardian (her mother) at the time of the alleged malpractice in June 2013.

¶28. "The rule is well established that where a special and particular statute deals with a special and particular subject its particular terms as to that special subject control over general statutes dealing with the subject generally." *Townsend v. Estate of Gilbert*, 616 So. 2d 333, 335 (Miss. 1993) (quoting *Benoit v. United Cos. Mortg. of Miss. Inc.*, 504 So. 2d

_____

[3] The limitations period also begins to run upon the child's death, even if the child is under the age of six and/or does not have a parent or legal guardian. *Id.* § 15-1-36(3)-(4), (6).

11

196, 198 (Miss. 1987); *Lincoln County v. Entrican*, 230 So. 2d 801, 804 (Miss. 1970));

*accord, e.g.*, *Wilbourn v. Hobson*, 608 So. 2d 1187, 1191 (Miss. 1992) (collecting cases).

The minors savings provisions of the medical malpractice statute of limitations, Miss. Code

Ann. § 15-1-36(3)-(4), (6)-(8), deal specifically with the "special and particular subject" of

tolling the limitations period for minors' medical malpractice claims. In contrast, the general

minors savings clause, Miss. Code Ann. § 15-1-59, deals "generally" with the subject of

tolling statutes of limitations for minors' claims. Therefore, it follows that in medical

malpractice cases, the specific provisions of section 15-1-36 control over the general minors

savings clause.[4]

¶29.    Span makes only one argument as to why the specific minors tolling provisions of the

medical malpractice statute are not controlling. She asserts that Nichols waived the issue

because he did not make the argument in the circuit court. However, it was not Nichols's

burden to respond to a tolling argument that Span never made. When, as in this case, the

---

[4] In *Brumfield v. Lowe*, 744 So. 2d 383, 387-88 (¶¶19-22) (Miss. Ct. App. 1999), this Court discussed section 15-1-59 in a medical malpractice case. However, the plaintiff in *Brumfield* claimed that the statute was tolled based on unsoundness of mind, not minority, *id.*, and on the facts of that case, there was no material difference between section 15-1-59 and the medical malpractice statute's specific tolling provision for unsoundness of mind. *Compare* Miss. Code Ann. § 15-1-36(4) (Rev. 1995), *with* Miss. Code Ann. § 15-1-59. Thus, it did not matter which statute applied. Moreover, this Court held that the plaintiff's tolling argument failed for the simple reason that there was "no evidence" to support his claim of mental incompetency. *Brumfield*, 744 So. 2d at 387-88 (¶22). Finally, this Court's opinion did not mention the specific tolling provisions of the medical malpractice statute or address the interplay between section 15-1-36 and section 15-1-59. "It is a long-standing legal principle that a decision is not precedent for a legal point if that point is not considered by the reviewing court." *Alias v. City of Oxford*, 70 So. 3d 1114, 1118 (¶16) (Miss. Ct. App. 2010) (citing *Craig v. Brown & Williamson Tobacco Corp.*, 190 Miss. 360, 364, 200 So. 446, 447 (1941)). Thus, *Brumfield* is not relevant precedent for the issue in this appeal.

12

defendant makes a prima facie showing that a claim is barred by the statute of limitations, the burden shifts to the plaintiff "to show some legal or equitable basis for avoiding such period of limitations." *Stroud v. Progressive Gulf Ins. Co.*, 239 So. 3d 516, 521 (¶15) (Miss. Ct. App. 2017) (quoting *Hall v. Dillard*, 739 So. 2d 383, 387-88 (¶19) (Miss. Ct. App. 1999)). As stated above, Span did not make *any* tolling argument in the circuit court based on Antheijah's minority. Rather, she first raised the issue in this Court. Nichols's argument that section 15-1-36 is controlling is put forward only as a *counter*-argument to Span's *new* argument on appeal. Nichols had no reason to make this argument prior to this appeal. Nichols has not waived this issue.

¶30. In summary, for the reasons stated above, the specific minors savings provisions of the medical malpractice statute of limitations—not the general minors savings clause—are controlling in this case. Those specific provisions did not toll the limitations period for Antheijah's claim because Antheijah was fifteen years old and had a parent at the time of the alleged malpractice.

¶31. As discussed above, only seventeen days remained on the applicable two-year statute of limitations, Miss. Code Ann. § 15-1-36(2), when Span filed her complaint in July 2015. Because Span failed to serve Nichols within 120 days, "the statute of limitations automatically beg[an] to run again." *Holmes*, 815 So. 2d at 1185 (¶7).[5] Span never filed a

---

[5] As noted above, the circuit court held that the statute remained tolled until the court's December 2016 order finding that Span had failed to serve Nichols. The result in this case is the same regardless of whether the statute began to run again when the 120 days expired (in November 2015) or in December 2016. Therefore, we need not address that issue on appeal.

13

request for additional time to serve Nichols, and thus the two-year statute of limitations expired well before she finally effected service of process in June 2017. Accordingly, the circuit court correctly held that Span's complaint is barred by the statute of limitations.[6]

## II. The circuit court did not prohibit Span from cross-examining anyone or deny Span any right of cross-examination.

¶32. Span also argues that the trial judge prohibited her from cross-examining Nichols and denied her right of cross-examination on issues related to service of process. As discussed above, Nichols filed two affidavits on May 5, 2016. In his affidavit, Nichols swore that he was never served with a copy of the summons and the complaint and was not even present in Forrest County on the day he allegedly was served there. In addition, Sandra Britt's affidavit provided facts that tended to corroborate Nichols's affidavit. More than five months later, at a hearing held on October 25, 2016, Span made an ore tenus motion to strike both affidavits. Span also asked the court "keep the record open" so that she could depose Nichols and Britt. She argued that the court should not consider Nichols's affidavit because she had expected him to testify and be subject to cross-examination at the hearing. The circuit court subsequently set aside the entry of default and order adjudicating liability without addressing Span's ore tenus motion. And although Nichols submitted the same affidavits in support of his motion for summary judgment, Span did not raise the issue again

---

[6] Nichols also argues that Span's claim is barred by the statute of limitations even if the limitations period was tolled until she filed her complaint. Nichols reasons that because Span failed to serve him within 120 days, her subsequent (untimely) service of him had no effect on the statute of limitations, *see Heard v. Remy*, 937 So. 2d 939, 942-43 (¶¶11-18) (Miss. 2006), and the statute of limitations has now expired even if it was tolled until the complaint was filed. Because we affirm the judgment of the circuit court for the reasons stated above, we need not address this alternative argument.

14

in her response thereto. Rather, Span first reasserted the issue in her September 2017 motion for reconsideration of the order granting summary judgment. The circuit court then ruled that Span had ample time between the filing of the affidavits and the October 2016 hearing to conduct any needed discovery. Therefore, the court rejected Span's arguments.

¶33. When service of process is contested, the trial court must make findings to resolve disputed issues of fact. *Thornton v. Freeman*, 242 So. 3d 188, 190 (¶4) (Miss. Ct. App. 2018). "With regard to service of process, this Court applies an abuse-of-discretion standard of review to the trial court's findings of fact." *Long v. Vitkauskas*, 228 So. 3d 302, 304 (¶5) (Miss. 2017). The trial court may make such findings based on affidavits with or without live testimony or depositions. *See Collins v. Westbrook*, 184 So. 3d 922, 929 (¶18) (Miss. 2016) (holding that the trial court did not abuse its discretion by finding a lack of service based on conflicting affidavits—an affidavit of service from the process server and two affidavits filed by the defendant denying service); M.R.C.P. 43(e) ("When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."); *see also, e.g.*, *Marion County Econ. Dev. Dist. v. Wellstone Apparel LLC*, No. 2:13-CV-44-KS-MTP, 2013 WL 3328690, at \*1 (S.D. Miss. July 2, 2013) ("[W]hen determining the sufficiency of service of process, the Court may consider affidavits and other evidence.").

¶34. Thus, there was nothing improper about the circuit court making findings of fact based on Nichols's detailed affidavit, Britt's corroborating affidavit, and the sheriff's return. Nor

did the circuit court abuse its discretion by assigning greater weight to the affidavits than to the uncorroborated sheriff's return signed by an unidentified deputy sheriff. The return created a presumption of service, but that presumption was rebutted by Nichols's evidence. *See Collins*, 184 So. 3d at 929 (¶18). Indeed, Span does not argue that the circuit court's finding of fact was clearly erroneous or an abuse of discretion.

¶35. With respect to the circuit court's factual finding that Span failed to serve Nichols, the only issue on appeal is whether the circuit court abused its discretion by not granting Span's ore tenus motion to strike Nichols's affidavit and Britt's affidavit and for a continuance to "keep the record open" for their depositions.[7] We find no abuse of discretion.

¶36. As the circuit court pointed out, Span had more than five months from the time that Nichols filed his affidavits in May 2016 until the hearing in October 2016. During that time, Span did not attempt to depose Nichols or Britt, nor did she subpoena them to testify at the hearing. Span's attorney asserted that he did neither because he "suspected" that Nichols would appear and testify in-person in support of his motion. However, Nichols did not need to testify at the hearing because he had already put the relevant facts into the record through his affidavit. Moreover, a party who simply assumes that a witness will appear voluntarily

---

[7] *See, e.g.*, *Minn. Life Ins. Co. v. Columbia Cas. Co.*, 164 So. 3d 954, 967 (¶45) (Miss. 2014) ("A trial court's denial of a motion to strike an affidavit is subject to an abuse-of-discretion standard of review."); *Prime Rx LLC v. McKendree Inc.*, 917 So. 2d 791, 794 (¶7) (Miss. 2005) ("A trial court's decisions concerning discovery matters are reviewed for an abuse of discretion."); *Bay Springs Forest Prods. Inc. v. Wade*, 435 So. 2d 690, 692 (Miss. 1983) ("This Court has repeatedly held that the grant or denial of a continuance rests within the sound discretion of the trial judge. We will not reverse in such cases unless convinced that the trial judge has abused his discretion and unless we are satisfied that injustice has resulted therefrom." (citation omitted)).

16

does so at his own peril. A judge is under no obligation to grant a continuance to permit the testimony of a witness who the party failed to subpoena. *In re E.G.*, 191 So. 3d 763, 774-75 (¶¶36-37) (Miss. Ct. App. 2016). We find no abuse of discretion in the circuit court's decision to rule based on the affidavits and evidence that the parties actually submitted.

¶37. In addition, Nichols submitted the same affidavits in support of his motion for summary judgment, yet Span still did not seek to compel the depositions or testimony of either Nichols or Britt. Rather, Span first raised the issue again *after* the circuit court had already granted summary judgment. We cannot say that the circuit court abused its discretion by declining to reopen the record for depositions after summary judgment had already been granted. *See Lyon v. McGee*, 249 So. 3d 436, 443-44 (¶¶23-25) (Miss. Ct. App. 2018) (holding that the denial of a motion for reconsideration under Mississippi Rule of Civil Procedure 59(e) is reviewed for abuse of discretion and that the court did not abuse its discretion by refusing to consider new evidence that could and should have been presented in opposition to summary judgment), *cert. denied*, 250 So. 3d 1270 (Miss. 2018).

¶38. In arguing that the circuit court erred, Span relies primarily on *Wesley Health System LLC v. Estate of Love*, 200 So. 3d 440 (Miss. 2016). In that case, the process server, Keith, testified at a hearing concerning disputed issues of service of process. *Id.* at 444 (¶12). The trial judge called Keith to the stand, personally questioned Keith, and "then told [her] that she could step down from the stand." *Id.* Defense counsel interjected and asked to cross-examine Keith, but the trial judge refused to allow cross-examination and immediately made a finding that Keith's testimony was credible and sufficient to establish valid service of

17

process. *Id.* at (¶13). On appeal, the Supreme Court reversed. *Id.* at 446 (¶22). The Court held that "[b]y cutting off [the defendant's] request to question Keith entirely, the trial court failed to fulfill its burden [under Mississippi Rule of Evidence 611] to 'exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth.'" *Id.* at 445 (¶20) (brackets omitted) (quoting M.R.E. 611(a)(1)).

¶39. The present case is readily distinguishable. In this case, the circuit court did not prevent Span from cross-examining any witness because there were no witnesses at the hearing. If Span wanted to cross-examine Nichols or Britt, she should have deposed them prior to the hearing or subpoenaed them to appear at the hearing. Span did neither. The circuit court simply declined to strike valid affidavits from the record. For the reasons discussed above, we find no abuse of discretion by the circuit court.

## CONCLUSION

¶40. The circuit court correctly held that Span's complaint is barred by the applicable statute of limitations.

¶41. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**